# Hani *v.* Germania Life Insurance Company.

*Gift—Parol gift—Policy of life insurance.*

A parol gift may be made of a policy of life insurance by a physical delivery of the policy. A written assignment is not necessary.

On a bill in equity to determine the ownership of a policy of life insurance, plaintiff claimed title to the policy by a parol gift from her mother. The gift was supported by the testimony of two witnesses whose competency and truthfulness were not successfully assailed. The donor, after her delivery of the policy, declared that she had given it to her daughter and her declaration was sustained by another witness. She also had previously declared her intention to make the gift. *Held,* that the evidence was sufficient to support the gift.

Argued Oct. 31, 1899. Appeal, No. 163, Oct. T., 1899, by defendant, from decree of C. P. No. 2, Allegheny Co., Jan. T., 1899, No. 465, on bill in equity, in case of Ella May Hani v. Germania Life Insurance Company and William Guckert, Administrator of Catherine Guckert, deceased. Before GREEN, McCOLLUM, MITCHELL, DEAN, FELL and BROWN, JJ. Affirmed.

Bill in equity to determine title to policy of life insurance.

The facts appear by the opinion of SHAFER, J., which was as follows :

The bill herein is to perpetuate testimony of an alleged parol gift of a paid-up policy of insurance upon the life of William Guckert, and for a decree that the administrator of Catherine Guckert, the alleged donor, be required to make and execute a written assignment of the policy, and for further relief.

### FINDING OF FACTS.

1. Upon November 6, 1869, the Germania Life Insurance Company of New York, one of the defendants, issued this policy, No. 25,174, on the life of William Guckert for $3,000, which was fully paid up on November 6, 1879.

2. Thereafter, by one or more assignments in writing and attached to the policy, the title to the same became vested in Mrs. Catherine Guckert, the wife of said William Guckert.

3. On or about November 25, 1897, Mrs. Catherine Guckert made a gift of said policy to Ella May Hani, the plaintiff herein, who was her daughter by a former marriage, by delivering the policy to her, and declaring that she gave it to her to be her own, but without any written assignment, and her daughter accepted the same, took possession of the policy, and has had possession thereof ever since.

4. Mrs. Catherine Guckert was at that time very ill and confined to her room, if not to her bed, but appears to have been of sound mind, and to have been fully aware of what she was doing, and the evidence discloses that she had before that time expressed an intention of making such a gift, and after that time declared that she had made it.

5. Mrs. Catherine Guckert died on March 31, 1898, leaving to survive her her husband, William Guckert, and her daughter, the plaintiff, Ella May Hani, and letters of administration were granted to the husband.

### CONCLUSIONS OF LAW.

There can be no question that a parol gift accompanied by delivery of such a security or instrument as a paid-up policy of insurance is valid, and the plaintiff is, therefore, so far as the parties to this bill are concerned, the owner of the policy, and is entitled to a decree that the evidence taken herein should be filed and become matter of record, and remain in perpetuam reimemoriam; that the policy belongs to her, and that the defendants should be enjoined from doing anything with the policy inconsistent with her ownership.

Let a decree be drawn accordingly, costs to be paid by the defendant, Wm. Guckert.

*Error assigned* was the decree of the court.

*Samuel B. Griffith*, with him *Edward G. Hartje*, for appellant.—As between a parent and a child the evidence of a gift or sale must be direct, positive, express and unambiguous, and the terms must be clearly defined and all the acts necessary to its validity must have special reference to it and nothing else: Harris v. Richey, 56 Pa. 395; Poorman v. Kilgore, 26 Pa. 365.

This gift was not perfect, not according to the nature of the

thing given.   If the gift was imperfect, equity will not enforce
it: Smith's Est., 144 Pa. 428.

The policy called for a written assignment.   Mrs. Guckert
knew this, for in this manner she had received it.   Possession
of a policy of insurance gives no title to it, it is not payable to
bearer, but to the payee named therein or thereon, does not pass
by delivery, but by assignment.

*Joseph M. Swearingen,* with him *Robert T. McElroy,* for ap-
pellee.—Gifts by persons competent to give, to persons com-
petent to receive, and which are completed by transfer of pos-
session, however voluntary they may have been, are regarded by
the law as executed contracts, founded upon natural consent:
Grangiac v. Arden, 10 Johnson (N. Y.), 293 ; Pryor v. Mor-
gan, 170 Pa. 568.

It is now settled that a valid gift of nonnegotiable securities
may be made by delivery of them to the donee without assign-
ment or indorsement in writing: Com. v. Crompton, 137 Pa.
138; Madeira's App., 17 W. N. C. 202; Wise's App., 182 Pa.
168 ; Crittenden v. Phœnix Mut. Life Ins. Co., 41 Mich. 442;
Malone's Est., 37 Leg. Int. 63.

OPINION BY MR. JUSTICE McCOLLUM, October 8, 1900 :

The appellant claims that the court below erred in its third
finding of fact and in its conclusion of law, but the principal
question presented on the appeal is whether the testimony is
sufficient to sustain the alleged gift to the plaintiff of an insur-
ance policy of $3,000.   The mother of the plaintiff, who was her
only daughter, was the owner of the policy, and some months
before her death made a parol gift of it to her.   The gift was
supported by the testimony of two witnesses whose competency
and truthfulness were not successfully assailed.   The donor,
after her delivery of the policy, declared that she had given it
to her daughter, and her declaration was sustained by another
witness.   Besides, she had previously declared her intention to
make the gift.   The testimony supporting the gift and the tes-
timony in contradiction of it, together with all the circumstances
connected with and surrounding the case were carefully con-
sidered by the learned court below and held to be in accordance
with the donee's contention.   Our own conclusion, founded

upon a due consideration of all the testimony is in harmony with the conclusion arrived at by the learned court below. Further comment on this branch of the case is unnecessary.

It seems formerly to have been the doctrine that the gift of a chose in action unless by some document payable to bearer, required an assignment or some equivalent transfer, and that the transfer must be actually executed. It is now held with substantial unanimity that a written assignment is not necessary in such cases, and that a delivery of a chose in action under such circumstances as would constitute a gift of property in possession amounts to an equitable assignment of the property represented, which the courts will recognize and uphold. Thus the delivery of a bond, certificate of stock or note to the donee, with the intention of transferring to him the right of property, is sufficient to constitute a gift : 8 Am. & Eng. Ency. of Law, 1322. A. delivered to his niece living with him a certificate for ten shares of the stock of an insurance company standing in his own name, stating that he made her a present of it. Afterwards the company issued forty shares additional stock representing surplus earnings. These he delivered to his niece saying they were hers. The dividends were drawn by A. till his death, but whether he paid them over to the niece or whether she knew anything about them did not appear. Held, that the delivery of the certificates with an intention to pass the title amounted to an equitable assignment of the shares which a court of equity would uphold : Reed v. Copeland, 50 Conn. 472.

Some of our own cases which are relevant to and sustain the conclusion arrived at by the learned court below may be properly referred to herein : Madeira's Appeal, 17 W. N. C. 202 ; Malone's App., 38 Leg. Int. 303 ; Com. v. Crompton, 137 Pa. 138, and cases cited therein ; Pryor v. Morgan, 170 Pa. 568 ; Wise's App., 182 Pa. 168. These cases constitute a sufficient answer to any intimation from the defendant of error in the conclusion assailed by the second assignment.

Judgment affirmed.