SAMUEL KNOWLES *vs.* EMILY H. KNOWLES.
SARAH KNOWLES *vs.* SAME.

Bristol.　January 18, 1910. — February 25, 1910.

Present: KNOWLTON, C. J., HAMMOND, BRALEY, SHELDON, & RUGG, JJ.

*Equity Pleading and Practice,* Report, Appeal. *Evidence,* Competency. *Insurance. Gift.*

While it is the general rule that objections to rulings of a single judge at the hearing of a suit in equity as to the admission or exclusion of evidence can be brought before this court only by exceptions and not by an appeal with a report of the facts found or of the evidence, nevertheless where the judge files a "memorandum of facts" containing the facts found by him and also an explicit statement as to the nature of certain evidence offered by the plaintiff and excluded, with two reasons for excluding it, and states that, "after consultation with counsel I excluded [the evidence] on the latter ground, so that the rights of the plaintiff might be saved," and, after a decree was entered dismissing the bill, the plaintiff appealed, this court held that the correctness of the ruling excluding the evidence was before them for determination.

The provision of R. L. c. 118, § 73, that "every policy which contains a reference to the application of the insured . . . must have attached thereto a correct copy

of the application, and unless so attached the same shall not be considered a part of the policy or received in evidence," was intended solely to regulate the rights of policy holders and of the insurance companies against each other, and does not apply so as to exclude an application, a correct copy of which has not been attached to the policy issued upon it, where such application is offered in evidence in a suit between persons claiming ownership of the policy and the insurance company is not a party to the suit.

On appeal from a final decree of a judge of the Superior Court, if the judge filed a memorandum containing his findings of facts, this court can draw such inferences from the facts so found and reported as are reasonably to be made from the facts found and are not inconsistent with any of them.

A father made application to an insurance company for insurance on the life of his son, a minor, and the company issued thereon a policy in which no beneficiary was named but the company agreed to pay the amount of the policy "upon receipt of proofs of the death of the insured and upon surrender of the policy and all receipt books." The father paid the premiums upon the policy for several years until the son became of age, whereupon he delivered the policy to his son and thereafter the son paid the premiums until his death. After the son's death his widow, who also was the administratrix of his estate, refused to deliver the policy to the father, and the father by a suit in equity attempted to compel such delivery. *Held*, that the suit should be dismissed, since the ownership of the policy had passed by a completed gift to the son.

Two BILLS IN EQUITY, the first filed on January 21, 1909, and the second on November 3, 1909, each to compel the defendant to deliver to the plaintiff therein a policy of insurance which the plaintiff alleged had been taken out for the plaintiff's benefit upon the life of Samuel Knowles, the son of the plaintiffs in the two suits.

The suits were heard before *Stevens*, J. He filed in each case a paper entitled "Memorandum of Facts," which was as follows:

In 1900 [1902 in the second case] the plaintiff [the plaintiff's husband in the second case] caused a policy of insurance to be issued by the Metropolitan Life Insurance Company of New York on the life of his son, Samuel Knowles, Jr., then a minor, a copy of the policy being annexed. The contract was a Massachusetts contract and the policy was issued in Fall River. The policy was retained by the plaintiff until after his son became of age and was married and then he delivered it to him. Until that time the premiums were paid by the plaintiff out of his money. After the delivery of the policy to the son he [the son] paid the premiums till his death in January, 1909, a period of nearly three years. There being no specific beneficiary named in the policy, the plaintiff contended that when an application was made for the insurance his [her in the second suit]

name appeared therein as beneficiary, and offered to prove that fact by parol testimony, the original application being on file at the New York office. "I refused to admit this testimony on two grounds, first, because the written application was the best evidence, and secondly, because if the application were here it would not be admissible, but after consultation with counsel I excluded it on the latter ground, so that the rights of the plaintiff might be saved." The defendant was the widow of Samuel Knowles, Jr., and the administratrix of the estate and claimed the insurance money.

From the copy of the policy annexed to the memorandum of the judge, it appeared that no specific beneficiary was named in either policy, and that the first paragraph of each policy read as follows:

"In consideration of the statements in the printed and written application for this policy, a copy of which is hereto annexed, all of which are hereby made warranties and part of this contract, and of the payment of the premium mentioned in the schedule below, on or before each Monday, doth hereby agree, subject to the conditions below, to pay upon receipt of proofs of the death of the insured made in the manner to the extent and upon the blanks required herein, and upon surrender of this policy and all receipt books the amount stipulated in said schedule. Provided, however, that no obligation is assumed by the company prior to the date hereof, nor unless on said date the insured is alive and in sound health."

Decrees were entered dismissing the bills without costs; and the plaintiffs appealed.

The cases were submitted on briefs.

*F. A. Pease,* for the plaintiffs.

*J. W. Cummings, C. R. Cummings & J. Little,* for the defendant.

SHELDON, J. It is the general rule that objections to rulings made by a single judge at the hearing of an equity cause upon the admissibility of evidence can be brought before this court only by exceptions, and not by appeal with a report of the facts found or of the evidence. The object of such a report is merely to bring before this court on an appeal the facts which otherwise would not appear upon the record. *Dorr* v. *Tremont National*

*Bank,* 128 Mass. 349. *Worcester* v. *Lakeside Manuf. Co.* 174 Mass. 299. *Cleveland* v. *Hampden Savings Bank,* 182 Mass. 110. See *McCusker* v. *Geiger,* 195 Mass. 46, 52. But we are of opinion that in these cases the judge by his report has not only made a statement of his findings, but also has brought before us the question of the correctness of his ruling excluding the application for each policy of insurance; and we therefore consider the question.

The ruling was based entirely upon the provision in R. L. c. 118, § 73, that "every policy which contains a reference to the application of the insured, either as a part of the policy or as having any bearing thereon, must have attached thereto a correct copy of the application, and unless so attached the same shall not be considered a part of the policy or received in evidence." See now St. 1907, c. 576, § 73. But a reference to the whole of that section shows, in our opinion, that it was intended solely to regulate the rights of policy holders and of the insurance companies against each other. That sufficiently appears from an examination of the sentence immediately preceding the one quoted. That sentence lays down a rule to be applied in the trial of actions between those claiming under a policy and the insurance company which issued it. The cases in which the rule has been considered by this court have been such cases. See for example the line of cases beginning with *Considine* v. *Metropolitan Life Ins. Co.* 165 Mass. 462, and ending with *Bonville* v. *John Hancock Mutual Life Ins. Co.* 200 Mass. 197, and especially *Holden* v. *Prudential Ins. Co.* 191 Mass. 153, 157, and *New York Life Ins. Co.* v. *Hardison,* 199 Mass. 190, 194. The statute does not lay down a rule to be applied to parties who claim conflicting rights against each other, in policies of insurance. Such claims are not claims arising under the policies; they are claims to the policies. Accordingly we are of opinion that in each of these cases the application was competent to be put in evidence.

But it does not follow that the final decrees appealed from should be reversed. If the original applications were before us and were found to read exactly as contended by the plaintiffs, yet the bills could not be maintained. It would appear in each case that the respective plaintiffs had accepted a policy on the

life of their son which was not payable to any named beneficiary, and had kept it without objection and had paid the premiums upon it until the son became of age and was married. Each policy was then delivered by its holder to the son, and he paid the premiums until his death nearly three years afterward, when it passed into the hands of the defendant, who, besides being his widow, is the administratrix of his estate, and claims the insurance. This court on appeal can draw such inferences from the facts found and reported as are reasonably to be made from those facts and are not inconsistent with any of them. *American Circular Loom Co.* v. *Wilson*, 198 Mass. 182, 200. *Rosenberg* v. *Schraer*, 200 Mass. 218, 221. And upon the facts found by the judge, with such original applications, it is impossible to avoid the conclusion that whatever right of ownership each plaintiff had previously had in his or her policy had passed by a completed gift from that plaintiff to the son, and that thereafter they had become his own, and he had treated them as such, with the consent of each plaintiff. It follows that they are rightfully held by the defendant as the administratrix of his estate, and that the decree dismissing each bill must be affirmed.

*So ordered.*