MARGARET BURKE, administratrix, *vs.* PRUDENTIAL INSURANCE
COMPANY OF AMERICA.

Suffolk.    March 8, 1915. — May 21, 1915.

Present: RUGG, C. J., LORING, DE COURCY, PIERCE, & CARROLL, JJ.

*Insurance,* Life.    *Infant.    Parent and Child.*

Where a father makes an application for an insurance policy on the life of his son
fourteen years of age and a policy is issued payable in case of the death of the
son " unto the executors, administrators or assigns of the insured," and the
father pays all premiums on the policy as they become due until the son becomes
more than twenty-one years of age, the son is the insured and neither his
father nor his mother is an owner of or a beneficiary under the policy, and,
unless specially authorized by the insured, neither of them has authority to
surrender the policy to the insurer or to receive under its provisions in its
stead a paid up policy; and therefore as between the insured and the insurer
the policy is unchanged in legal effect by unauthorized acts of such a nature.

If, at the trial of an action for a breach of the contract, contained in an insurance
policy issued by a corporation organized and incorporated in another State,
to pay a certain amount on the death of the insured, it appears that by the
provisions of the policy it became invalid because of the non-payment of pre-
miums and there was no evidence that such provisions were waived by the cor-
poration or that the corporation was estopped to assert the failure to pay or
to tender the premiums; and if it appears further that after the policy thus had
lapsed the insured made an application for its revival according to its provisions
and that, in the exercise of a right given to it by the policy, the corporation
had refused to grant the revival, a verdict must be ordered for the defendant
although by the law of the State where the corporation was incorporated the
insured after the original policy had lapsed had a right to a paid up policy for
a certain amount.

CONTRACT by the administratrix of the estate of Richard Burke
upon a policy of life insurance for $216.   Writ dated April. 18,
1913.

The case was tried before *Hitchcock,* J.   The material facts
are stated in the opinion.   At the close of the evidence the judge
ordered a verdict for the defendant; and the plaintiff alleged
exceptions.

*E. J. Sullivan,* for the plaintiff.

*C. T. Cottrell,* for the defendant.

PIERCE, J.   Shortly before December 14, 1903, Edward Burke
made application to the Prudential Insurance Company of Amer-

ica, the defendant in this action, to insure the life of his son Richard, who was born November 3, 1889. On December 14, 1903, the defendant issued a policy numbered 18520029, on the life of Richard Burke, payable in case of death "unto the executors, administrators or assigns of the insured."

Under this policy the person insured, and the beneficiary, was Richard Burke, with the right to the custody of the policy in the father. *Bowers* v. *Parker*, 58 N. H. 565. The father paid the premiums each week as they became due on the policy up to June 26, 1911, at which time Richard had more than arrived at the age of twenty-one years. No premiums thereafter were paid upon the policy by any one. So far as appears, without the authority of Richard, Margaret Burke, Richard's mother, about July 1, 1911, entered into negotiations with an agent of the defendant which resulted in the delivery of the policy to the defendant and the tender of a paid up policy to the mother on July 3, 1911. When tendered she sent the agent with the paid up policy to see her husband. The husband testified that he never authorized any action in reference to the policy; that about the first week or the middle of July the agent came to his shop and placed the policy on the counter. "When he left it on the counter I got up and opened it. . . . I seen the amount and I told him 'Now didn't you promise my wife that you would return this policy with the full amount of the old policy?' Well, he said nothing. I told him he ought to be ashamed of himself and I told him furthermore than he could take the paid up policy away and bring me back the old one. . . . I don't remember him saying anything, but he took the policy and went away."

On November 30, 1911, Richard made a special revival application for the reinstatement of policy No. 18520029, in these terms: "I hereby declare myself, who was formerly insured under the above numbered policy, to be in as good a state of health as when said policy was issued, and that, having allowed it to become lapsed, I wish to renew it, upon the understanding that it will not be in force (although I now pay the arrears) until the company shall have consented to revive the same." He was examined March 24, 1912, and was rejected because suffering from tuberculosis. He died on December 22, 1912.

The policy was in terms payable to the executors, adminis-

trators and assigns of Richard Burke, and thus is distinguishable from that in *Knowles* v. *Knowles,* 205 Mass. 290. The father and mother as such were not owners or beneficiaries, nor had they as guardians by nature during the minority of Richard any legal right to consent to a cancellation of the policy or to its being changed to a paid up policy, at least before its forfeiture for the non-payment of premiums. *Griffith* v. *New York Life Ins. Co.* 101 Cal. 627. *Hooker* v. *Sugg,* 102 N. C. 115. *Whitehead* v. *New York Life Ins. Co.* 102 N. Y. 143. As Richard had reached his majority at the time the mother attempted, with the consent of the defendant, to surrender the policy for a paid up policy, it is clear that her act was not binding upon Richard; and it was equally clear that the policy, as between Richard and the defendant, was legally unchanged.

The record discloses neither acts nor defaults to warrant the argument that the jury could find either waiver or estoppel to assert that the premiums were not paid or tendered as they became due.

It becomes unnecessary to determine whether the mother's act was induced by misrepresentation and therefore voidable, because before the policy had lapsed for the non-payment of premiums all parties were aware that the father and the mother repudiated the alleged surrender and claimed the policy to be in force.

The obligation of a life insurance contract, in the absence of contract or statute otherwise providing, is conditional upon the payment of the premiums as they become due. *Mutual Life Ins. Co.* v. *Allen,* 138 Mass. 24, 27. 25 Cyc. 698, and cases cited. In the case at bar no premiums were paid, or tendered and refused, after June 27, 1911. The policy by its terms lapsed thereafter at the expiration of four weeks. The sixth provision of the policy provides: "If this policy is lapsed for non-payment of premium, it will be revived within one year from the date to which premiums have been duly paid upon payment of all arrears, provided evidence of the insurability of the insured satisfactory to the company be furnished." The insured availed himself of the provision, was examined, found to be suffering from tuberculosis, and was rejected.

There remained to him the right to a paid up life policy, in

accordance with chapter 356 of the laws of 1895 of the State of New Jersey.

This action is upon the original policy, and for the reasons above stated cannot be maintained.

The ruling of the presiding judge was right, and the entry must be

*Exceptions overruled.*