WILLIAM J. CAVENY, ADMINISTRATOR OF MICHAEL J. CAVENY, RESPONDENT, v. JULIA HEALEY, APPELLANT.

Submitted December 4, 1919—Decided February 13, 1920.

The payment by a life insurance company of the amount of a policy to any one of certain classes of persons under the "facility of payment" clause, does not effect a change of the original contract by which the company agrees to pay the executors or administrators of the insured. While the company, by such payment, discharges its liability, the person beneficially interested may recover from the person who has received the money.

---

On appeal from the First District Court of Jersey City.

Before Justices SWAYZE and PARKER.

For the respondent, *Frank G. Turner.*

For the appellant, *Randolph Perkins.*

The opinion of the court was delivered by

SWAYZE, J.    The Prudential Insurance Company issued two policies of life insurance on the life of Michael Caveny. By one they insured his life and agreed to pay the stipulated benefit subject to certain conditions; one of which was that the amount should be paid to his executors, administrators or assigns unless settlement were made under what is called the facility of payment clause. That clause permitted the

company to make payment to any one of certain classes of persons or to any other person appearing to the company to be equitably entitled by reason of having incurred expense on behalf of the insured for his burial or for any other purpose, and further provided that the production by the company of a receipt signed by any of said persons, or other sufficient proof of such payment, should be conclusive evidence that the benefits have been paid to the person entitled thereto and that all claims under the policy have been fully satisfied. The other policy issued nine years later is of like purport except that it insures and endows the insured.

There is no question that the company has discharged itself from all liability by making payment to the defendant Julia Healey under the facility of payment clause, and no judgment was rendered against the company. The trial judge rendered judgment against Julia Healey and in favor of the plaintiff who had taken out letters of administration on the estate of Michael J. Caveny, the insured, about three months after payment by the company to Healey. The question now presented is whether the payment by the company effected a change of the original contract by which the company agreed to pay the executors or administrators of the insured. Such was not the view of this court as to the facility of payment clause in the original case. *Metropolitan Life Ins. Co.* v. *Schaffer*, 50 *N. J. L.* 72. We there held that the facility of payment clause operated as an appointment both by the assured and the beneficiary of persons, any of whom are authorized to receive payment of the sum agreed to be paid. We did not there decide that such payment to one appointed to receive it changed the beneficial interest in the fund from the assured or the beneficiary or both to their appointee who was only to receive the money. To have so held would have put it in the power of the debtor, the insurance company, by its mere act, perhaps at its mere whim, to determine who should be beneficially entitled and would be inconsistent with the manifest intent to make a contract enforcible against the company. This intent appears in the

agreement to pay to executors or administrators. No contract could arise out of the facility of payment clause since as Vice Chancellor Stevenson has pointed out, no member of the classes therein mentioned could have enforced a claim against the company; the claim of all under that clause was in the clouds until the company made the actual payment. *Metropolitan Life Ins. Co.* v. *Hoopel,* 76 *N. J. Eq.* 94. There are none of the characteristics of a contract about such an agreement. The clause was for the convenience of the company to enable it to make prompt payment with the certainty that the validity of the payment could not be thereafter questioned. It probably arose, as we suggested in the Schaffer case out of the original somewhat limited function of this class of policies to furnish a burial fund. As the business developed and became more and more an insurance business, evidenced by the use of the word "insure" and later the words "insure and endow," the burial fund features lost their relative importance and the life insurance features became more emphasized, until in *Prudential Insurance Co.* v. *Godfrey,* 75 *Id.* 484, it was held that the right of the company under the facility of payment clause existed only up to the time that suit was brought by the administrator. This view was affirmed by the court of last resort. 77 *Id.* 267. We think the administrator was the beneficial owner of the fund and entitled to recover it from the defendant Healey. Let judgment be entered in this court, with costs.