ERNST R. BEHREND, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 38643, 47951.   Promulgated July 3, 1931.

*R. D. Morrill, Esq.,* for the petitioner.
*W. R. Lansford, Esq.,* for the respondent.

OPINION.

MURDOCK: It is well settled that insurance policies may be the subject of gifts. *Hani* v. *Germania Life Insurance Co.*, 197 Pa. 276; 47 Atl. 200; *Travelers Insurance Co.* v. *Grant*, 54 N. J. E. 208; 33 Atl. 1060; *Knowles* v. *Knowles*, 205 Mass. 290; 91 N. E. 213; *McNevins* v. *Prudential Insurance Co.*, 108 N. Y. S. 745. Furthermore, it has been recognized that the continued payment of premiums by the insured on policies in which a beneficiary is irrevocably named, or which have been irrevocably assigned, constitute additional gifts to such beneficiary or assignee. See *Gifford* v. *Gifford*, 93 N. J. E. 299; 115 Atl. 654; *Travelers Insurance Co.* v. *Grant, supra.* Cf. *H. H. Bowman*, 16 B. T. A. 1157. As long as the insured has the right to change the beneficiary of an insurance policy, the latter has only an interest which is subject to be defeated by an exercise of that right. See *Mutual Benefit Life Insurance Co.* v. *Swett*, 222 Fed. 200; *Slocum* v. *Metropolitan Life Insurance Co.*, 245 Mass. 565; 139 N. E. 816; *Wagner* v. *Thierot*, 194 N. Y. S. 610. While the right exists the insured has complete control and dominion of the policy. *Rawls* v. *Penn Mutual Life Insurance Co.*, 253 Fed. 725. When, however, the insured names a beneficiary irrevocably, the beneficiary acquires a vested interest which may not be defeated. *Mutual Benefit Life Insurance Co.* v. *Swett, supra.*

In *Mortimer C. Adler*, 5 B. T. A. 1063, we held that a taxpayer was not entitled to deduct as contributions or gifts the premiums

paid on a life insurance policy on his own life where he named as beneficiaries certain charitable and religious corporations, but reserved the right to change the beneficiaries. The petitioner concedes that he is not entitled to deduct the amount of any premiums on the policies in question prior to the time he irrevocably assigned them.

Sections 214 (a) (10) of the Revenue Acts of 1924 and 1926 provide that an individual, in computing net income, shall be allowed to deduct certain contributions or gifts made within the taxable year. If these contributions or gifts are either *to* or *for the use of* any corporation, or trust, or community chest, fund or foundation, organized and operated exclusively for certain purposes, they are deductible. There was a similar provision in the Revenue Act of 1921, but the corresponding provision of the Revenue Act of 1918 was quite different. Under section 214 (a) (11) of the Revenue Act of 1918, a contribution or gift to be deductible had to be made *to* corporations organized and operated exclusively for purposes mentioned. It is therefore apparent that the provisions of the later acts are broader and allow deductions which were not allowed under the 1918 Act.

The petitioner makes no claim that the premium payments or the cash surrender value properly allocable to the insurance which will be payable for the use of Ainsworth is deductible. The respondent has only one objection to the allowance of a deduction representing 97.05882 per cent of all premiums paid after October 15, 1925. He says that the contributions or gifts were made to a trust; J. C. Ainsworth, an individual, was a beneficiary under the trust; and, therefore, the contributions or gifts made within the taxable year were not to or for the use of any trust organized and operated exclusively for the purposes mentioned. This contention might be well taken if these were the only words in the act upon which the petitioner's right to a deduction can be made to depend. However, the provisions of the acts can be read in this way: " In computing net income there shall be allowed as deductions  *  *  *  contributions or gifts made within the taxable year  *  *  *  for the use of any corporation or trust, or community chest, fund or foundation, organized and operated exclusively for religious, charitable, scientific, literary or educational purposes." Thus, it does not matter that the gift was *to* a trust organized and operated partly for Ainsworth, so long as it was in part *for the use of* the class of institutions mentioned in section 214 (a) (10). The gift need not be exclusively for the use of any corporation organized and operated exclusively for the purposes mentioned. If the amount of the gift for the use of the corporation or trust organized and operated exclusively for

these purposes can be determined, such portion of the gift may be deductible even though some part of the same gift may not be deductible. That is the situation here. 97.05882 per cent of the contributions or gifts made by the petitioner in the taxable years were for the use of institutions of the nature described in sections 214 (a) (10) of the Revenue Acts of 1924 and 1926 and are therefore deductible, subject to the 15 per cent limitation.

This disposes of the only question raised by the parties in regard to the premiums. There remains the question of the deductibility of the cash surrender value of the policies on October 15, 1925, when the policies were irrevocably assigned so that no one outside the class could ever benefit from 97.05882 per cent of what might ever be realized on the policies. Cf. *H. H. Bowman, supra; Bruckner, et al.,* 20 B. T. A. 419. When, on or about October 15, 1925, the petitioner made the irrevocable assignments of the policies, he in effect surrendered all of his rights under the policies and gave whatever interest he had in the policies for the use of the beneficiaries. The cash surrender value of the policies on that date is based upon years of actuarial experience, and this value is a convenient, reasonable and proper measure of the amount of the contribution or gift which the petitioner made on that date. Of this value, 97.05882 per cent was a deductible contribution or gift, subject to the 15 per cent limitation prescribed by the statute.

*Judgment will be entered under Rule 50.*