## Commonwealth ex rel. v. Gault et al.

[redacted]

*Charles F. Kelley,* district attorney, for plaintiff.

*William C. Ferguson, Jr.,* for defendant; *Ira J. Williams,* for garnishee.

ROSEN, J., July 2, 1934.—This is a rule for judgment for want of sufficient answers to interrogatories.

An order was entered in the Municipal Court of Philadelphia County against Louis Gault on or about September 2, 1930, for the support and maintenance of his wife and minor daughter. On September 13, 1933, arrearages on this order amounting to $1,050 plus costs were assessed against the defendant and an attachment sur judgment was issued on September 14, 1933, and served upon Fidelity-Mutual Life Insurance Company, garnishee. Interrogatories were filed, to which answers and supplemental answers were filed by the garnishee. Briefly, the garnishee admits that the defendant is the insured under two policies, each in the sum of $5,000, one being a 20-year endowment policy and the other a 20-payment life policy, the beneficiaries of both policies being the parents of the defendant; that the premiums on the policies up to the time of the attachment had been paid in full and that there are dividends to the credit of these policies amounting to the total sum of $441.55. The answers aver that there are no dividends due the insured defendant because he elected to avail himself of one of the methods provided for the payment of dividends under the policies, to the effect that the same may be available with the proceeds of the policies or withdrawable in cash at any anniversary thereof, and further that the policies in question on or about March 8, 1930, were delivered by the defendant to his parents as donees thereof and that the parents claim title to the policies.

Briefs were filed by the wife, the garnishee, and also by the defendant.

The attachment was issued in pursuance of the Act of June 15, 1917, P. L. 614, amending the Act of April 13, 1867, P. L. 78. This act provides that when "an attachment execution is issued the further proceedings thereon shall be in

the manner heretofore practiced and allowed in the case of foreign attachments."

From this, defendant concludes that the attachment must fall because at the time it was issued there was no property of the defendant in the jurisdiction subject to the attachment by analogy with the rule in case of foreign attachment. The defendant overlooks the fact that this is not a foreign attachment, and that the act permitting the issuance of the attachment execution merely provides that the "further proceedings", meaning the proceedings subsequent to the issuance of the attachment, shall be as in case of foreign attachment.

The defendant further contends that the Act of June 28, 1923, P. L. 884, which exempts life insurance policies from claims of creditors operates in favor of the defendant and exempts the policies in this case from attachment, on the theory that the parents of the defendant were dependent relatives at the time the policies were issued. The said Act of June 15, 1917, P. L. 614, provides, however, "That the person against whom an order is made shall not be entitled to the benefits of any exemption law now in force or hereafter passed."

The exemption of these policies is being asserted on behalf of the defendant against whom an order has been made for the support of his wife and child, and, under the said Act of 1917, he is not entitled to any claim of exemption. It is therefore immaterial whether the parents of the defendant were dependent relatives within the meaning of the Act of 1923. We agree with the defendant that the proceeds of the policies, the cash surrender value or the loan value, are not attachable. The proceeds are payable only on the death of the assured. The cash surrender value requires the surrender of the policy, and the loan value requires the application of the assured for a loan on the policy. While the attaching creditor stands in the shoes of the defendant, such creditor cannot change the terms of the policy or perform some act purely personal to the debtor: Farmers and Merchants Bank v. National Life Ins. Co., 161 Ga. 793; Martin et al. v. Balis et al., 18 D. & C. 187; Gordy v. Buscillo et al., 18 D. & C. 224; nor can the court compel the defendant to surrender the policy or apply for a loan thereon.

We think that the dividends declared on these policies are subject to the attachment. They are profits declared by the insurance company to be due and payable to the assured. In accordance with the terms of the policies, the assured elected that these dividends be "left to accumulate to the credit of this policy at interest and payable with the proceeds of this policy or withdrawable in cash at any anniversary date." This election merely fixed the maturity of the obligation represented by the dividends, that is, the assured could demand payment of them in cash at any anniversary date of the policy. The attaching creditor in this respect stands in the shoes of the assured, and the taking of a rule for judgment is tantamount to a demand by the creditor to receive payment of the dividends in cash: Morris Resnick B. & L. Assn. v. Barnes et al., 108 Pa. Superior Ct. 218. We conclude that the obligation represented by the dividends is a debt due from the insurance company to the assured and is therefore subject to the attachment.

The garnishee in its answer avers that about March 8, 1930, long before this attachment issued, the defendant delivered the two policies in question to his parents "as donees thereof", and that the parents claim title to the said policies. The defense intended to be raised by this averment is that there was a gift of the policies in question by the defendant to his parents in March of 1930, over 3 years prior to the issuance of this attachment. A gift of the policies in question carries with it the right and title to the dividends declared thereon. Since a parol gift of a life insurance policy may be made by physical delivery of the

policy itself, and a written assignment is not necessary: Hani v. Germania Life Ins. Co., 197 Pa. 276; we must conclude that the answers to the interrogatories filed in this case raise an issue of fact, namely, whether there was a gift of these policies by the defendant to his parents. This question cannot be determined on a rule for judgment and must be submitted to a jury. The rule for judgment for want of sufficient answers is therefore discharged.