HELEN ROGERS WEDDLE, ADMINISTRATRIX, APPELLEE, V. PRUDENTIAL INSURANCE COMPANY, APPELLANT.

FILED APRIL 15, 1936. No. 29639.

*Hall, Young & Williams*, for appellant.

*Max Fromkin* and *Kelso A. Morgan, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE and CARTER, JJ.

DAY, J.

The plaintiff, as administratrix of her deceased husband's estate, seeks to recover upon two policies of industrial insurance issued by the defendant. At the close of all the testimony, the trial court directed a verdict in favor of plaintiff for the amount of. the policies, $532, and interest. The insurance company appeals.

The policies provide that the company, in consideration of the payment of the premium, will pay immediately upon proof of death of the insured during the continuance of the policy the amount specified "to the executors or administrators of the insured, unless payment be made under the provisions of the next succeeding paragraph."

The next succeeding paragraph provides for "facility of payment" as follows: "It is understood and agreed that the said company may make any payment or grant any nonforfeiture provision provided for in this policy to any relative by blood or connection by marriage of the insured, or to any person appearing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, for his or her burial, or for any other purpose, and the production by the company of a receipt signed by any or either of said persons or of other sufficient proof of such payment or grant of such provision to any or either of them shall be conclusive evidence that such payment or provision has been made or granted to the person or persons entitled thereto, and that all claims under this policy have been fully satisfied."

The insurance company alleged as a defense that, under the "facility of payment" clause, it had elected, because of an oral agreement with insured, to treat Gus Rogers, brother of insured, as the beneficiary. It is asserted that this agreement was made because insured was indebted to Gus Rogers and that said brother paid the premiums. It was also alleged that Gus Rogers brought an action against the company which resulted in a judgment in favor of the company, which is a bar to this action. The trial court upon motion of plaintiff struck the paragraphs containing these allegations from the defendant's answer. This is assigned as error.

The "facility of payment" clause provides that the company may or may not elect to pay to another equitably entitled to the benefit, rather than the beneficiary named in the policy. These industrial policies are written for small amounts and for small premiums. The "facility of pay-

ment" clause is to permit payment by the insurance company to one who has advanced money for the benefit of the insured. Sometimes the amount of the policy is insufficient to pay the expense of administration of the deceased's estate. Has a third person a right of action against the insurance company under the "facility of payment" provision? This question has generally been answered in the negative by the courts.

A facility of payment clause in an industrial insurance policy providing in substance that the insurer may pay the benefit to any relative by blood or connection by marriage, or to any person appearing to it equitably entitled thereto instead of the beneficiary, generally does not give such a third party the right to maintain an action to compel insurer to make payment to him.

A careful annotator gives this as the general rule and cites *Williard v. Prudential Ins. Co.*, 276 Pa. St. 427, 120 Atl. 461, and *Lewis v. Metropolitan Life Ins. Co.*, 178 Mass. 52, 59 N. E. 439.

However, the right of such a third party to maintain an action has been sustained in a few instances. We are inclined to follow the majority rule as announced herein as far as applicable to this case. The situation presented here is not similar to any other reported case. Under the terms of these policies, the administratrix as named beneficiary is entitled to maintain this action. Can that right be foreclosed by another equitably entitled to the fund, under the facility of payment clause, prosecuting an action against the company which resulted in a judgment for the company, except that it was required to return the premiums? It cannot be. The third party did not have a right to maintain the action. The administratrix did have that right. Under the terms of the policy, only the payment of the benefit to a third person equitably entitled to the fund would relieve the insurance company. The company may elect to pay to such a person and be relieved of liability. But it cannot elect not to pay and secure its release from such a party under the facility of payment clause.

The administratrix as beneficiary is entitled to maintain an action upon the policy. She cannot be deprived of this right by an action to which she is not a party. The defendant insists that, since the judgment against it was for the return of the premiums, and it elected to pay this judgment, it has been discharged, since this is all that is due under the policy. The election of the insurer to pay the amount due under a policy according to the provisions of a facility of payment clause which provides in substance that payment to a relative or any other person equitably entitled to the fund shall satisfy all claims thereunder discharges the insured from liability. But where an insurer successfully defends an action brought by a third person to recover under the facility of payment clause, alleging that he is equitably entitled to the fund, the liability of the insurer is not thereby discharged.

The other defense interposed by the defendant to this cause of action is founded upon the "Preliminary Provision" of the policy, which provides that the policies shall not take effect if on the date of issuance the insured be not in sound health. It is alleged in the answer that on said date the insured was not in sound health. A provision that a policy shall not take effect unless the insured is in good health upon the date of issuance is a condition precedent without which there is no liability under the policy. See *Van Dahl v. Sovereign Camp, W. O. W., ante,* p. 181, 264 N. W. 454; *Fondi v. Boston Mutual Life Ins. Co.,* 224 Mass. 6, 112 N. E. 612; *Anders v. Life Insurance Clearing Co.,* 62 Neb. 585, 87 N. W. 331.

Does the burden of proving that the insured was in sound health at the date of the policy rest upon the plaintiff? There are cases which hold that such burden is upon the plaintiff where sound health is a condition precedent to the assumption of risk by the insurance company. However, the delivery of a life policy, and the acceptance of premiums, and the treatment of the policy by the insurer and the insured as a contract raises a presumption that insured was in sound health on the date of the policy. This presumption

is sufficient to sustain the burden of proof resting upon the plaintiff until the insurer introduces evidence to rebut it. 1 Cooley, Briefs on Insurance (2d ed.) 668; *Ruggiro v. Prudential Ins. Co.*, 113 N. J. Law, 561, 174 Atl. 882; *Mohr v. Prudential Ins. Co.*, 32 R. I. 177, 78 Atl. 554.

This is not in conflict with the rule that the plaintiff has the burden of proving that the insured was in sound health on the date of the policy, where sound health at the time of issuance is a condition precedent to the assumption of lia-bility by the insurer. *Fondi v. Boston Mutual Life Ins. Co.*, *supra*. This rule is suggested at least by *Anders v. Life Insurance Clearing Co.*, *supra*.

Now, in this case, the policy was delivered and nine weekly premiums were paid to insurer. The policy was issued, delivered, and the premiums were all paid at the time the insured died. The insurer raised the issue that insured was not in sound health by its answer. The burden of proving that defense was, in face of the presumption, upon the defendant. The burden of proving *as a defense* that insured at the date of policy was not in sound health is upon insurer. *Layne v. Spot Cash Ins. Co.*, 136 Kan. 541, 16 Pac. (2d) 484; *Western & Southern Life Ins. Co. v. Spencer*, 95 Ind. App. 281, 179 N. E. 794; *Mid-Continent Life Ins. Co. v. House*, 156 Okla. 285, 10 Pac. (2d) 718.

The preliminary provision also provides that, if the insured is not in good health at the date of issuance, the premiums paid shall be returned. The premiums have not been returned or tendered to the beneficiary in this case.

Where a policy of life insurance provides that it shall not take effect if on the date thereof the insured be not in sound health, but the premiums shall be returned, the insurer, to defend under this provision, must allege and prove a return or a tender of the premiums. *Metropolitan Life Ins. Co. v. Moore*, 117 Ky. 651, 79 S. W. 219.

Other assignments of error relate to the exclusion of evidence by the trial court. It is sufficient to state that an examination does not reveal any reversible error in this connection. To discuss each alleged error would be to restate

well-established rules of law applicable thereto and would unduly and unnecessarily extend this opinion.

While this case involves less than $600, it has been ably and vigorously contested. The plaintiff has been represented by able and experienced lawyers. Important new questions of law have been presented both by briefs and oral arguments. The appellant's brief states that the case is important because of the large number of such policies in force in this state. The plaintiff is awarded attorney's fees in this court in the sum of $200.

AFFIRMED.