## GENERAL AMERICAN LIFE INS. CO. v. JACKEL et al.

### No. 515.

District Court, E. D. Louisiana, New Orleans Division.

Dec. 24, 1941.

Eugene J. McGivney, and Solomon S. Goldman, both of New Orleans, La., for petitioner.

Sidney W. Provensal, of Slidell, La., for defendant Mrs. Avery Thigpen Jackel.

Kehl & Cuquet and Fernando J. Cuquet, Jr., all of New Orleans, La., for defendant John Jackel and others.

CAILLOUET, District Judge.

This is an interpleader action with reference to life insurance proceeds, instituted by the plaintiff pursuant to the Act of Congress of January 20, 1936, c. 13, § 1, 49 Stat. 1096, 28 U.S.C.A. § 41, subd. 26.

The bill alleges that such proceeds are being claimed by citizens of different states, i.e., Mrs. Avery Thigpen Jackel, residing in the Eastern District of Louisiana, on the one hand, and Edwin Jackel and James Jackel, also therein residing, and John Jackel and Mary Argette Jackel residing in the Southern District of Alabama, on the other hand.

In due course, such insurance proceeds, which amount to the net sum of $2,933.61, were deposited in the registry of the Court, and the said five claimants were cited to appear.

Mrs. Avery Thigpen Jackel claims the whole of said net proceeds as the designated beneficiary under certificate No. 13,354 issued by the plaintiff insurance company to her deceased husband, Paul Jackel, to represent the insurance protection carried for him with it by the Federal Postal Employees' Association, of Denver, Colorado, under a group insurance contract bearing date of July 25, 1927. Edwin Jackel, James Jackel, John Jackel, and Mary Argette Jackel child of Paul Jackel, Jr., predeceased son of the insured Paul Jackel, claim said proceeds as heirs of Mary Meyers Jackel, the deceased insured's first wife and first designated beneficiary under said life insurance protection, but they pray, in the alternative, that they be, at least, adjudged to be entitled to receive "an amount equal to the premiums paid by the deceased insured."

The Court's findings of fact and conclusions of law are as follows, to-wit:

### Findings of Fact.

1. Paul Jackel's life was insured in the sum of $3,000 on July 25, 1927, under group life insurance contract No. 204,164, issued by the International Life Insurance Company to the members of the Federal Postal Employees Association, of Denver, Colorado, but all such life insurance business of said company was re-insured by the Missouri State Life Insurance Company, whose own such business was, itself, thereafter, re-insured by the complainant herein, General American Life Insurance Company, said Paul Jackel's insurance protection under such group insurance contract was evidenced by certificate No. 13,354, which was issued to him by complainant, under the date of July 25, 1927; and said protection remained in full force and effect until the insured's death on March 1, 1941.

2. The person first designated by the insured as beneficiary of said life insurance protection was his then living first wife, Mary Meyers Jackel, with whom he resided in Louisiana, under the regime of the community of acquets and gains, from and inclusive of July 25, 1927, until her death on July 23, 1937.

3. By the terms of the aforementioned certificate No. 13,354, the right to change beneficiary was reserved to the insured.

4. To neither the insured nor said first designated beneficiary was there ever available, at any time, a cash surrender value with respect to the aforementioned insurance protection so carried on the life of said Paul Jackel, in favor of his said first beneficiary, Mary Meyers Jackel, the group insurance contract providing for none.

5. Four (4) children were born of the insured's first marriage, i.e., John, Edwin, James and Paul Jackel, Jr., who died in November, 1931, survived by his one child, Mary Argette Jackel.

6. Paul Jackel contracted a second marriage, on August 9, 1938, with Avery Thigpen Jackel, and on August 13, 1938, a change of beneficiary from the deceased first wife to said second wife was effected in due course, at the insured's request.

7. The premiums paid by the insured to maintain the insurance protection in force

up to July 23, 1937, the aforementioned date of death of his first wife, were all paid from the funds of the community that existed between the spouses, and aggregated the sum of $720.98.

8. At his death on March 1, 1941, as aforesaid, the insured Paul Jackel was survived by his second wife, Avery Thigpen Jackel, the then designated beneficiary of the aforementioned insurance protection, and by his above mentioned three living sons, Edwin, James and John Jackel, and his granddaughter, Mary Argette Jackel.

9. Whilst the insured had paid the first half installment of the annual premium and his insurance protection at issue was thereby continued in force until August 1st, 1941, the group contract terms called for the full payment of the annual premium before settlement of a death claim and the General American Life Insurance Company properly deducted and withheld the amount of the second premium installment, or $66.39, before tendering for deposit in the registry of the Court the $3,000 insurance proceeds, which thereby reduced said $3,000 coverage to the net sum of $2,933.61; this was thereupon so deposited, as aforesaid, and is now in contest.

### Conclusions of Law.

1. The interest of Mary Meyers Jackel, first wife of the insured Paul Jackel, and first designated beneficiary of the $3,000 life insurance protection so carried by him, was no more than a mere expectancy, contingent upon her surviving the insured.

2. At her death on July 23, 1937, she was possessed of no vested interest in said protection to which her heirs could succeed.

3. The insured, under his reserved right to change his beneficiary, did properly exercise said right by designating his second wife and present widow, Avery Thigpen Jackel, on August 13, 1938.

4. Paul Jackel, as head and master of the community of acquets and gains then existing between him and his first wife, Mary Meyers Jackel, legally made use of community funds to the aggregate amount of $720.98, in order to protect her during her lifetime by the $3,000 insurance coverage on his life.

5. Neither claim of Edwin Jackel, James Jackel, John Jackel and Mary Argette Jackel is well founded, and claimant Avery Thigpen Jackel, as the designated beneficiary of the life insurance protection carried by the deceased insured, Paul Jackel, evidenced by certificate No. 13,354 of General American Life Insurance Company, is alone entitled to be paid the net proceeds of $2,933.61, now in the registry of the Court.

6. Complainant General American Life Insurance Company is, itself, entitled to be discharged from further liability upon said certificate No. 13,354, and to recover its court costs and a reasonable attorney's fee to be fixed by the Court.

7. The Court being apprised by claimant Avery Thigpen Jackel that $100 is by her deemed to be such reasonable attorney's fee, and, under all circumstances attendant upon the case, the Court concurring in that view, there should be fixed as the reasonable attorney's fee, to be recovered herein by complainant General American Life Insurance Company, the stated sum of one hundred ($100) and no/100 dollars, out of said $2,933.61.

8. The amount of $2,933.61 deposited in the registry of the Court, as aforesaid, should be distributed and paid over in accordance with the foregoing conclusions, which should be reflected by the judgment that shall be entered herein.

Accordingly, let such judgment be entered.