## PRUDENTIAL INS. CO. OF AMERICA v. TOMES et al.

### No. 109.

District Court, D. Nebraska,
Lincoln Division.

June 12, 1942.

Raymond G. Young and Laurens Williams, both of Omaha, Neb., for plaintiff.

Joseph L. Pallat, of Wahoo, Neb., and John J. Hess of Council Bluffs, Iowa, for defendant Ernest B. Tomes.

Fred J. Cassidy, of Lincoln, Neb., for defendant, Mildred E. Tomes.

DELEHANT, District Judge.

Resorting to the privilege allowed to it under U.S.C.A. Tit. 28, § 41(26), the plaintiff has deposited in the registry of this court the sum of $1,064.38, payable under the policy of insurance to which reference is hereinafter made, and has filed its complaint praying for injunctive relief against the prosecution by the defendant, Ernest B. Tomes, of a suit already instituted by him upon the policy in the District Court of Pottawattamie County, Iowa, and against the institution or prosecution of any other suit or suits upon the policy by the defendants or any of them; its discharge from further liability upon the policy; interpleader between the defendants touching their respective claims to the fund, and

354

for costs, including an attorney's fee. The jurisdictional facts manifestly exist. A preliminary injunction as prayed was allowed on August 23, 1941, and is still in force.

Ernest B. Tomes has filed an appropriate pleading in which he claims the right to receive the entire fund in the registry. Mildred E. Tomes, both individually and as administratrix, has likewise filed a pleading claiming the fund in her representative capacity only.

The plaintiff, upon the application of Ernest B. Tomes, the father of Ernie Tomes (who is otherwise designated as Ernest Tomes), on July 28, 1930, issued a policy of "industrial life insurance" on the life of Ernie Tomes, then ten years of age, and promised thereby to pay the sum of five hundred dollars in the event of the assured's death and upon due proof of death, "to the executors or administrators of the assured unless payment be made under the provisions of the paragraph below headed "facility of payment". The paragraph headed "Facility of Payment" follows: "It is understood and agreed that the said company may make any payment or grant any non-forfeiture provision provided for in this policy to any relative by blood or connection by marriage of the insured, or to any person appearing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, for his or her burial, and the production by the company of a receipt signed by any or either of said persons or of other sufficient proof of such payment or grant of such provision to any or either of them shall be conclusive evidence that such payment or provision has been made or granted to the person or persons entitled hereto and that all claims under this policy have been fully satisfied." The policy also contained a provision for an accidental death benefit equal to the face amount of the policy.

All premiums paid upon the policy were paid by Ernest B. Tomes. And after the death of the assured, Ernest B. Tomes also paid his funeral expenses in the sum of $385, for which he has presented a claim against the estate of the assured.

The assured met accidental death on August 22, 1939, while the policy was in force; whereby the sum of $1,064.38 became due from the insurer for the face of the policy, double indemnity benefit, mortuary dividend and paid up additions.

The assured was eighteen years old at the time of his death, was unmarried, and left surviving him his estranged and divorced parents, the defendants, Ernest B. Tomes and Mildred E. Tomes. He resided in Lancaster County, Nebraska, and in the County Court of that county Mildred E. Tomes was appointed administratrix of his estate in 1940, and is presently the personal representative of his estate.

On September 11, 1939, an "Industrial Death Claim" on a blank form provided by the insurer and signed and verified by both parents of the assured was lodged with the insurer, wherein the parents made proof of the accidental death of the assured and claim for the proceeds of the policy under the "Facility of Payment" provision. In due course, the insurer approved the claim for payment and on October 9, 1939, issued a check for $1,064.38, payable to Ernest B. Tomes and Mildred E. Tomes, and delivered the check to Ernest B. Tomes. The check was promptly cleared through banking channels and paid by the drawee bank. However, it was never endorsed by or with the authority of Mildred E. Tomes. Ernest B. Tomes endorsed it in his own behalf and, without authority, signed on its reverse side the name of Mildred E. Tomes, with his own name written beneath her name.

Mildred E. Tomes, upon her discovery of the action of Ernest B. Tomes in the endorsement of the check, having received and accepted no part of the proceeds of the insurance policy, drew the irregularity to the insurer's attention and shortly thereafter, under pressure from her and probably also from the insurer, Ernest B. Tomes repaid the amount of the check to the insurer, through appropriate banking channels.

Both parents, and also the personal representative of the estate of the assured, demanding the proceeds of the policy, the insurer as plaintiff instituted this action for its own protection.

Regardless of the extent of their claims presently made, the parents upon their abortive payment disagreed about the division of the insurance benefits. Ernest B. Tomes assumed to make the division on his own motion and his letter of transmittal and check to Mildred E. Tomes may be construed as an effort to pay to her the sum of $214.38, upon the representation that it was the "proceeds from a five hundred dollar life policy operating on an

355

extended policy, plus accrued dividends after paying $350.00 to Patterson & Knott Funeral Directors, of David City, Nebraska", thus concealing from her the payment by the insurer, in consequence of the accidental character of the death, of the additional sum of $500, which he retained for himself, without comment respecting it. Her acquisition of information respecting the amount actually paid by the insurer prompted her rejection of the tendered check and led to the restoration to the insurer of the entire fund. The physical appearance of the claim she signed, the different colors of the ink in which the several portions of it are written, lead quite conclusively to the inference that all reference to the double indemnity benefits was added after her signature. For instance in the "claimant's certificate" the amount claimed is indicated as $500, which is also the amount inserted in identical ink in the face of the claim as the amount of the policy. The references to the net amount, the mortuary dividends, additional accidental death benefit, and total amount claimed are inserted in a brighter blue ink corresponding to that in which notations are made upon the claim form by the insurer's clerical staff.

Upon the basis of the facts thus recited, the court concludes that the proceeds of the policy must be paid to the defendant, Mildred E. Tomes, administratrix of the estate of Ernest Tomes, deceased, and not to the defendant, Ernest B. Tomes.

The rights of the several claimants must rest upon the policy and the language herein quoted from it. And the policy's only promise to pay to any one is an agreement to pay "to the administrator of the assured". The contingency of the insurer's optional payment under the "Facility of Payment" paragraph is not a promise to pay to any one. It is rather the citation of a circumstance upon the happening of which the promise to pay to the administrator is itself nullified and rendered unactionable. If, in good faith, the insurer makes payment under that clause, the entire insurance contract is satisfied and no right of action under it remains in anyone.

The "Facility of Payment" clause is modern but not novel. It is a creature of the urgencies that have been disclosed upon repeated settlements under insurance policies for relatively small sums of money, and particularly under industrial policies. The imperative requirement of funds wherewith to defray the usual expenses of death and burial, the immediate need of slender resources for transitional burdens, and the disproportion between administration costs and the available insurance funds have evoked the clause as a practical method of relieving actual necessities and minimizing expenses; and at the same time clothing the insurer's bona fide exercise of discretion with adequate protection. And it has uniformly been given the effect which its clear and simple language expresses.

Thus, in Nebraska, the rule was stated in Weddle v. Prudential Insurance Co., 130 Neb. 744, 266 N.W. 624, 625, "A 'facility of payment' clause in an industrial insurance policy providing in substance that the insurer may pay the benefit to any relative by blood or connection by marriage, or to any person appearing to it equitably entitled thereto instead of the beneficiary, generally does not give such a third party the right to maintain an action to compel insurer to make payment to him."

Dealing with the particular facts then before it, the Nebraska court proceeded: "Under the terms of these policies, the administratrix as named beneficiary is entitled to maintain this action. Can that right be foreclosed by another equitably entitled to the fund, under the facility of payment clause, prosecuting an action against the company which resulted in judgment for the company, except that it was required to return the premiums? It cannot be. The third party did not have a right to maintain the action. The administratrix did have that right."

While the applicable rule is emphatically expressed by the Nebraska court, it is essentially conformable to the conclusion almost universally reached under comparable clauses. Lewis v. Metropolitan Life Ins. Co., 178 Mass. 52, 59 N.E. 439, 86 Am.St. Rep. 463; Caveny v. Healey, 94 N.J.L. 28, 109 A. 204; Williard v. Prudential Ins. Co., 276 Pa. 427, 120 A. 461, 28 A.L.R. 1348; Burns v. Prudential Ins. Co., Mo. App., 253 S.W. 81; Heubner v. Metropolitan Life Ins. Co., 146 Ill.App. 282; Metropolitan Life Ins. Co. v. Chappell, 151 Tenn. 299, 269 S.W. 21. To the foregoing citations many others might be added without any essential divergence of opinion.

The court does not overlook Ernest B. Tomes' allegation that the policy was issued and delivered to him in the state of Iowa. That statement is not supported by

356

any evidence. Nor has any suggestion been made to the effect that the issuance of the policy in Iowa introduces into the court's consideration any legal structure different from the general rule. In fact, counsel for both of the contending parties have relied upon and cited to the court the Nebraska authorities as reflecting the applicable law.

■ It has been suggested that this court in its final judgment may properly make equitable distribution of the proceeds of the policy. The temptation to that course is inviting. But such distribution is not the proper present function of the court, which is called upon to determine the legal ownership of the fund. Its equitable employment was the optional prerogative of the insurer, which was willing to exercise it, but was balked in that behalf by the mutual hostility and suspicion of the parents of the assured. Ultimate distribution must now abide the judgment of the court of administration. There, incidentally, the defendant, Ernest B. Tomes, may seek reimbursement for his advancement of the expense of the funeral of the assured under the claim which he has already filed therefor.

■ Neither procurement of the policy nor payment of its premiums by the defendant, Ernest B. Tomes, gives him any right to recover the proceeds of the policy or any lien thereon. In the absence of a valid employment of the policy for that purpose (e. g., Brown v. Ehlers, 130 Neb. 918, 267 N.W. 156), the express designation of beneficiary is unaffected by the identity of the person who pays or advances the premiums. He also alleges in his pleading that in procuring the policy he "did so upon the assumption that he was and would be the sole beneficiary" thereunder. That allegation is wholly unsupported by testimony; and, even if it be true, it is clearly ineffective to alter the plain and unambiguous contract of the insurer or the rights of interested parties normally issuing therefrom.

■ Upon the trial of this cause, the defendant, Ernest B. Tomes, argued, consistently with a like contention in his pleading, that the action of the insurer in issuing its check for the proceeds of the policy in favor of the parents of the assured, before the appointment of an administratrix, constituted an irretraceable election to make settlement under the "Facility of Payment" clause. That might have been true, even to the extent of intercepting the right of the administratrix to collect under the policy. But the course of dealing with the plaintiff's check and the proceeds thereof by Ernest B. Tomes himself has now resulted in the complete nullification of that attempted payment, and the restoration of all parties to the proceeding to the positions which they occupied before the issuance of the check, save for the maturing of the cause of action of the administratrix upon her qualification. Certainly Ernest B. Tomes is in no position to maintain the position he suggests; and Mildred E. Tomes as an individual is not asserting it but rather supports the right of the administratrix.

The defendant, Ernest B. Tomes, suggests in his pleading that by the insurer's issuance of its check an estoppel arises against the insurer and his co-defendants to pay or claim under the policy otherwise than through the "Facility of Payment" clause. But his allegations and his evidence disclose no facts whatsoever from which an estoppel would arise as against either the insurer or the defendant, Mildred E. Tomes. And as to the administratrix, it need only be said that she had not even been appointed at the time of the issuance and initial cashing of the check. Clearly, she could not be affected by any estoppel.

■ The plaintiff will be discharged of further liability under its policy and the temporary order of injunction heretofore entered in the action will be made permanent. Upon the issue of costs and attorney's fees, the court will award to the plaintiff a judgment for its costs herein expended and an attorney's fee taxed at $75 to be paid out of the fund deposited in the registry. The fee is probably inadequate but the fund available for its payment is small. Hunter v. Federal Life Ins. Co., 8 Cir., 111 F.2d 551; General American Life Insurance Co. v. Jackel, D.C., 42 F. Supp. 475.

The residue of the fund will be ordered paid to the defendant, Mildred E. Tomes, administratrix of the estate of Ernest Tomes, deceased.

Counsel for the defendant, Mildred E. Tomes, individually and as administratrix, will prepare as of this date findings of fact and conclusions of law, and a judgment in accordance with this memorandum, submitting the same to counsel for the

plaintiff and for the defendant, Ernest B. Tomes, for their several approval as to form, and thereupon to the court for signature and entry; and if not approved, then upon notice, to the court for settlement.