**METROPOLITAN LIFE INSURANCE COMPANY, a body corporate of the State of New York**

v.

**Carl F. PETERSEN, Executor of Frederick W. Petersen, and Lucia Larkin and Frederick Carl Petersen (Otherwise known as Frederick Carl Peterson).**

Civ. No. 9599.

United States District Court
D. Maryland,
Civil Division.

Dec. 6, 1957.

W. Hall Harris, Jr., Baltimore, Md., for plaintiff.

Thomas F. Cadwalader, Baltimore, Md., and Edmund L. Harvey, Chester, Pa., for executor.

Edward D. E. Rollins, Jr., Elkton, Md., and H. Ross Black, Jr., Baltimore, Md., for Lucia Larkin and Frederick Carl Petersen.

THOMSEN, Chief Judge.

Plaintiff insurance company filed this action under the Federal Interpleader Act, 28 U.S.C.A. 41(26),* to determine who is entitled to receive $915.44, the proceeds of two insurance policies on the

* Now 28 U.S.C.A. §§ 1335, 1397, 2361.

life of Frederick W. Petersen, now deceased. In both policies the company agreed, inter alia, "to pay upon receipt of due proof of the death of the Insured and upon surrender of this Policy and evidence of premium payment hereunder, the amount stipulated in said Schedule, to the executor or administrator of the Insured, unless payment be made under the provisions of the next succeeding paragraph". That paragraph in each policy was a so-called facility of payment clause, which read as follows: "The Company may make any payment or grant any non-forfeiture privilege provided herein to the Insured, husband or wife, or any relative by blood or connection by marriage of the Insured, or to any other person appearing to said Company to be equitably entitled to the same by reason of having incurred expense on behalf of the Insured, or for his or her burial; and the production of a receipt signed by either of said persons, or of other proof of such payment or grant of such privilege to either of them, shall be conclusive evidence that all claims under the Policy have been satisfied".

The proceeds are claimed (a) by the insured's executor and (b) by Frederick Carl Petersen, son of the insured and his first wife, now Mrs. Lucia Larkin.

In 1938, after their divorce, the insured and his first wife entered into a property agreement in Pennsylvania, where they were both domiciled. Paragraph 5 of that agreement provided: "There is (sic) existing three life insurance policies with the Metropolitan Life Insurance Company which are not made payable to any beneficiary. Said policies are to be left in the hands of George B. Harvey, 517 Welsh Street, Chester, Pa. to either have the same reduced to a paid up policy or the beneficiary inserted in favor of our son, Frederick C. Petersen, and that the said Fred W. Petersen will maintain the proper payments on said policies for the use of our son, Frederick C. Petersen." One of those policies matured as an endowment and was paid by the company. The insured paid the premiums on the other two policies until

1946; thereafter they were paid by Mrs. Larkin. The two policies were delivered to her and were held by her on behalf of her son.

■ Life insurance policies are choses in action, and may be the subject of assignment or gift. Hani v. Germania Life Ins. Co., 197 Pa. 276, 47 A. 200. In the absence of a controlling statute, an assignment or gift of a life insurance policy need not be in writing. Any language, however informal, which shows the intention of the owner to make an immediate transfer of the policy, so that it will be the property of the assignee, is sufficient to vest title in the assignee. Delivery of the policy is not necessary if the assignment is proved by other satisfactory evidence. Fidelity Mutual Life Ins. Co. v. City National Bank, D. C.N.D.W.Va., 95 F.Supp. 276, 281, Watkins, J.; Houtz v. General Bonding & Ins. Co., 10 Cir., 235 F.2d 591; 45 C.J.S. Insurance § 421. In the case of a parol gift, it is frequently held that delivery of the policy is essential, but physical delivery to the donee is not required, and evidence of delivery may consist of acts or words or both. Hani v. Germania Life Ins. Co., 197 Pa. 276, 47 A. 200; Ratsch v. Rengel, 180 Md. 196, 201, 23 A.2d 680.

■ In the instant case the contractual obligation of the deceased, quoted above, and the delivery of the policies to the mother for the benefit of her son, are sufficient to constitute a valid assignment of the policy to or for the benefit of the son.

■ A Federal court in a proceeding under 28 U.S.C.A. 41(26) is not authorized to make an equitable distribution of the proceeds of the policy; the purpose of the proceeding is to determine the legal ownership of the fund. Prudential Ins. Co. of America v. Tomes, D. C.D.Neb., 45 F.Supp. 353. See also Williard v. Prudential Ins. Co., 276 Pa. 427, 120 A. 461, 28 A.L.R. 1348. The presence of a facility of payment clause in the policy does not alter this conclusion. Prudential Ins. Co. of America v. Tomes,

supra, 45 F.Supp. at page 355. Happily, in the instant case the obvious equities in favor of the son are supported by a valid assignment which entitles him to receive the proceeds of the policy.

I will sign an appropriate judgment order to that effect, less costs and a fee of $50 to the attorney for the insurance company.