HON. JAMES G. DAY, CHIEF JUSTICE.
" JAMES H. ROTHROCK,
" JOSEPH M. BECK,
" AUSTIN ADAMS,
" WILLIAM H. SEEVERS. } JUDGES.

---

YOUNG & CO. v. THE HARTFORD FIRE INS. CO.

1. **Principal and Agent:** UNDISCLOSED PRINCIPAL: INSURANCE. Where a party applied to the agent of an insurance company for insurance, and the agent agreed to write a policy, but nothing was said by either party respecting the company in which the insurance should be effected, and the policy was afterwards written by the agent, *held*, that the agency of the latter was not affected by the fact that the principal was undisclosed.

2. **Insurance:** WAIVER OF CONDITIONS OF POLICY: PRINCIPAL AND AGENT. Where a policy of insurance provides that the company shall not be liable until actual payment of the premium is made, and that no

agent shall be held to have waived any condition of the policy unless the waiver be indorsed thereon in writing, it is, nevertheless, competent for an agent to bind the company by a parol agreement extending the time of payment of the premium, and, under such agreement, the assured may have a right of action against the company for a loss by fire.

3. ———: PROOF OF LOSS. The acceptance of the proofs of loss by the agent of the company, and the failure to object to them within a reasonable time, precludes it from afterward making objection, either to their form or substance. Any objections to the proofs should be made with reasonable promptitude, so that if they are imperfect they may be corrected.

4. ———: TITLE OF PROPERTY: MISSTATEMENTS OF AGENT. Any misstatements in the policy, respecting the title of the property insured, made by the agent, will not release the company from liability.

*Appeal from Polk Circuit Court.*

TUESDAY, MARCH 20.

ACTION on a policy of insurance against fire. Performance of all the duties and conditions to be performed by the assured was averred, "except as to the prepayment of the premium, and other conditions, the performance of which was waived by the defendant."

The answer consisted of a denial, and several affirmative defenses were set up, which presented for determination the matters referred to in the opinion.

There was a trial by jury. Verdict and judgment for the plaintiffs, and defendant appeals.

*Wright, Gatch & Wright,* for appellant.

*Smith & Baylies* and *Connor & Donovan,* for appellees.

SEEVERS, J.—I. It is claimed by the plaintiff that insurance was effected by one Warner with Cook & Welling, who 1. PRINCIPAL were insurance agents. Warner met Welling on and agent: undisclosed the street, and made application for insurance; principal: insurance. and what was said at the time by Warner and Welling was admitted in evidence, and it tended to show that Welling agreed to issue a policy of insurance and to extend the time for the payment of the premium; that is, he would give

Warner credit until a stated time for the premium. Nothing was said, however, by either party as to the company with which insurance should be effected. Warner desired that it should be in a good company, but he left this entirely with Welling, and the latter returned to his office within a short time and wrote up the policy on which this action is brought.

Under such circumstances, the counsel for the defendant insists that Welling, at the time of the conversation in the street, was not acting as the agent of the defendant, and that, therefore, the latter is not bound by what he then agreed or by what then occurred between him and Warner.

It is clear and undisputed that Welling was not acting for himself, but as the agent for some one. This both parties well understood. By issuing the policy the defendant received the benefits of the negotiations, and by every principle of fairness and common honesty is estopped from repudiating the burdens and obligations assumed during the negotiations. If an agent purchases goods for an undisclosed principal, the latter, when discovered, can be made liable on the contract. Story on Agency, Sec. 267.

The mere fact that the principal was not disclosed by no means destroys the agency, when it was understood that Welling was not acting as a principal, and by accepting the benefits, or supposed advantages, the defendant ratifies the agency, and what was done by the agent during the negotiations, and is bound thereby.

II. The policy provides that defendant " shall not be liable until actual payment of the premium, * * * and it is expressly covenanted by the parties hereto that no officer, agent or representative of the company shall be held to *have waived* any of the terms and conditions of this policy, unless such waiver shall be indorsed hereon in writing." And the court instructed the jury as follows:

*2. INSURANCE: waiver of condition of policy: principal and agent.*

" 3. Now, if the jury find from the evidence that the premium was not paid at the time or prior to the issuance of the policy, on the 1st day of April, yet, if you find that the defendant's agent told Warner that he could pay the premium

at any time within the month of April, and that the policy would take effect from its date, and that Warner relied upon the same, and that both parties treated the same as a valid insurance, then such acts and agreements on the part of the agent would constitute a waiver of the prepayment of the premium, and the fact that the agent failed to indorse such waiver upon the policy will not prevent a recovery in this action."

Cook & Welling were authorized to issue policies without consultation with any officer or agent of the company. They agreed on the risks and premiums, and were furnished with blank policies properly signed, and when written up and countersigned by them such policies became binding on the company. If, therefore, any officer or agent could waive the conditions in the policy in question, there can be no doubt these agents were vested with such powers.

That the prepayment of the premium may be waived by a general agent, even where the policy recites it shall not be binding until the cash portion of the premium is actually paid in money, we regard as settled by the authorities. *Mississippi Valley Ins. Co. v. Neyland*, 9 Bush, 430; *Sheldon v. Conn. Mutual Ins. Co.*, 25 Conn., 207.

It has been held in this State, where the policy provided it should be void in case there was an increase of the risk, unless consent thereto was indorsed in writing on the policy, that such writing was not essential, but that an agent might, by parol, waive the conditions of the policy. *Viele v. Germania Ins. Co.*, 26 Iowa, 9.

The policy clearly implies there may be a waiver of any and all conditions by an agent, but declares that the only evidence of such waiver shall be in writing, indorsed on the policy.

The condition in relation to the payment of the premium seems to forbid a waiver as strongly as the condition that whatever is done in this respect shall be expressed in writing on the policy. Both are undoubtedly inserted at the instance of the defendant; and why may not the writing be waived just as well as the prepayment of the premium? The one is no more sacred or obligatory than the other, and both, it may be said, are equally binding. The failure to pay the premium

does not render the policy absolutely void, but only so at the option of the defendant, and if delivered to the assured a presumption is raised that a short credit was intended. *Brohm v. Williamsburgh Ins. Co.*, 35 N. Y., 131. If the agent, by his acts, leads the insured to defer payment of the premium until it is called for, and a loss occurs before such demand is made, the company is bound. *Trustees of Baptist Church v. Brooklyn Ins. Co.*, 19 N. Y., 305; *Bowman v. Agricultural Ins. Co.*, 59 N. Y., 521.

The policy does not contain any limitation on the power of the agent to waive the conditions, but only prescribes the way or manner the waiver shall be evidenced. It may be said to be a notice to persons doing business with the company, and if brought to the attention of the assured before the policy is delivered, it might be regarded as obligatory on him. But such a notice in a delivered policy cannot have such an effect. *Per* Comstock, J., in *Trustees Baptist Church v. Brooklyn Insurance Co., supra.*

In the present case an agent with large discretionary powers writes up and delivers the policy which contains the condition just referred to, and at the same time agrees to extend a short credit for the payment of the premium; under such a state of facts the assured had the right to suppose all conditions precedent to the taking effect of the policy had been waived. If such a policy be held void it would be sanctioning something nearly akin to a fraud; especially is this true in this case, where the assured had no actual notice of the conditions in the policy. That he was bound in a legal sense to know may be conceded.

When the policy was delivered the contract was complete, and if the agent by his agreement or conduct misled the assured, and thereby induced him to accept the policy under the belief there had been a waiver of all conditions precedent, and delivered the policy, the defendant is estopped thereby. *Westchester Fire Insurance Company v. Earle*, 33 Mich., 143.

If it be said the assured may in all cases protect himself by seeing that the requisite indorsement is made on the policy,

it may be well replied that the company can protect itself by declining to deliver the policy until the conditions precedent to its taking effect are performed. Or, if it be said the policy in question was delivered by an agent and not by the company, it may be replied thereto that there was no absolute necessity to vest the power to deliver the policy in the agent, but having done so the defendant should be bound to the same extent as if the delivery had been made by the president or board of directors of defendant. Certainly this condition is not unalterable, and it must be true that the same power that prescribed it may waive its performance.

The action in *Wright v. Hartford Fire Insurance Company*, 36 Wis., 522, was on a policy precisely like the one in the present case, and it was there held that the condition we have been discussing might be waived by the acts, conduct and knowledge of the agent, though no written consent was indorsed on the policy. The views herein expressed are fully in accord with *Viele v. Germania Insurance Company*, *supra*. Indeed, if that case is followed to its logical results it is decisive of the main question in this case; for it must be obvious there can be no distinction, so far as the company is concerned, between the waiver of conditions precedent to the taking effect of the policy, and those subsequent thereto, except as to the former the company can at all times protect itself by declining to deliver the policy, while in the latter such protection cannot be so readily obtained, or the power of agents to waive such conditions so effectually guarded.

III. There was evidence tending to show a delivery of the policy. In fact, if the evidence of Warner, in connection with that of Welling, as to the entries in the books of the company, was believed by the jury, there is no question as to there being a completed contract of insurance, and also a delivery of the policy.

It is not specially urged that the verdict in this respect is against the evidence. Under the well established rules in this respect such an objection could not be successfully urged.

Nor are the instructions of the court as to under what circumstances the contract should be deemed complete, or whether

it was essential there should or must be a delivery of the policy before there could be a valid contract of insurance, objected to. In fact, no such objection could be successfully urged, for the reason that the law applicable to the claimed facts as laid down by the court is undoubtedly correct. The finding of the jury as to the facts is conclusive and cannot be reviewed by us.

IV. Having determined it was competent to show a parol waiver of the conditions of the policy, it necessarily follows that the evidence introduced against the objection of the defendant which tended to so prove was properly admitted, and that the objection urged in this court in reference thereto is not well taken.

V. By the terms of the policy the loss, in case one occurred, was not payable "until sixty days after due notice, and satis-

3. ——: proof factory proofs of the same." It is said the proofs of loss. were fatally defective. This may be admitted.

The loss occurred in April, 1874; immediately thereafter the defendant was enjoined, and during the continuance of the injunction could not settle or adjust the loss. The parties to that controversy on the 15th day of May, 1874, settled and adjusted the matters between them. This adjustment amounted to a dissolution of the injunction, but no formal entry was made on the records of the court until August afterwards. The agents, Cook & Welling, were informed of the settlement on the 16th day of May, and on the 12th day of June proofs of loss were made out and delivered to Cook & Welling, and the evidence tended to show such proofs were deemed satisfactory by them. No objection was made to the proofs so furnished until August 21st, 1874, at which time a letter was written the assured, making certain objections thereto. Good faith required that, if the proofs were not satisfactory, notice should be given the assured to that effect, within at least a reasonable time.

Objections of this kind are technical and without substantial merit, and the insurer should make such known with reasonable promptitude to the end that they may be perfected if possible.

The fact there had been no formal entry of the dismissal of the injunction did not, in our opinion, form a sufficient excuse. To all intents and purposes the injunction was dissolved when the settlement was made. The objections to the proofs were made too late, and cannot be urged to defeat this action.

VI. The evidence tended to show that at the time insurance was applied for defendant's agents were fully informed of the condition of the title to the real estate, and such agents wrote the policy, and the assured had no actual knowledge of the statements made therein as to the title until after the loss occurred. It is now said the policy did not accurately describe the title of the assured. If this be conceded it would constitute no defense, as was held by this court in *Hingston v. Etna Ins. Co.*, 42 Iowa, 46. It therefore follows there was no "fraud or attempt at fraud or false swearing" on the part of the assured.     AFFIRMED.

4. ——: title of property: misstatements of agent.

ADAMS, J., having been of counsel in the case, took no part in the decision.