## KING v. THE COUNCIL BLUFFS INS. CO.

1. **Fire Insurance:** PAROL WAIVER BY COMPANY OF CONDITION OF POLICY: AUTHORITY OF GENERAL AGENT. It is the settled doctrine of this state that any condition of a contract of insurance may be waived by parol by the insurance company. (*Viele v. Germania Ins. Co.*, 26 Iowa, 1.) Accordingly, where the original policy was issued for one year, but before the end of the year a new building was erected within a few feet of the insured building, which by the terms of the policy rendered it void, but before the end of the year, and after the erection of the new building, the company's general agent, who had authority to pass upon risks, visited the place, and, upon inquiry by the assured as to the effect of the new building upon the risk, stated to him that it could not affect the insured building, or increase the risk or hazard, and at the end of the year the assured procured a renewal of the insurance upon the original policy for another year, without calling the company's attention to the fact of the erection of the new building, and the new building was afterwards destroyed by fire, which was communicated to the insured building and destroyed it also, *held* that the company could not avoid liability on the policy, as thus renewed, on the ground that the insured had not informed the company, at the time of the renewal, of the erection of the new building, as required by the policy; because the general agent's knowledge of the facts was the knowledge of the company, and his statements to the insured amounted to a waiver on the part of the company of the condition relied on to defeat the policy.

*Appeal from Harrison District Court.*

THURSDAY, JUNE 30.

ACTION upon a policy of insurance against loss by fire. There was a trial by jury, and a verdict and judgment for the plaintiff. Defendant appeals.

*Sapp & Pusey*, for appellant.

*H. H. Roadifer* and *S. I. King*, for appellee.

ROTHROCK, J.— The property insured consisted of a one-story frame building, used as a lawyer's office, and the law library and office furniture therein. The insurance was originally effected on the 2d day of December, 1882, for one year. On the 5th day of December, 1883, the original policy was renewed by the issuance of a receipt by the company to the plaintiff for a renewal premium note. The renewal was for one year, and the property was destroyed by fire on the 8th day of August, 1884. The plaintiff was the local agent of defendant at Logan, in Harrison county, where the property was situated, and the insurance was effected and renewed by correspondence with the company, without the intervention of a soliciting agent. The application for insurance was in writing; and, in describing the location of the insured property, it was stated that on the east of the law office, at a distance of seventy-five feet, there was "a general store and dwelling." It is not claimed that this part of the application was at the time untrue. The seventy-five feet between plaintiff's property and the general store and dwelling was then vacant ground; but, during the first year after the insurance was effected, a two-story brick store-building was erected on the vacant ground, the west wall of which was from fourteen to sixteen inches from the insured building. This new building was substantially and well built, with a metallic roof, and with fire wall extending above the roof, and there were no openings in the wall next to the plaintiff's

premises.   The new building was destroyed by fire, and the fire which consumed the plaintiff's property was communicated thereto from the brick building.

It is claimed by the defendant that it had no knowledge of the erection of this new building; and that, by reason of the erection thereof, the policy of insurance, and the renewal thereof, became and were void.   There is some controversy between the parties as to whether the erection of the new building was material to the risk; but, in the view we take of the case, that question becomes immaterial.   The appeal, as we view it, must be determined upon the question made by the plaintiff, that, conceding that the new building was material to the risk, the defendant, before and at the time of the renewal of the policy, had notice that the new building had been erected, and waived any right it had under its contract of insurance to avoid the policy.   Some question is made upon the rulings of the court upon the competency of certain evidence, which we do not deem it necessary to specially notice.   We discover no error in any of these rulings.   The fact is, the rights of the parties, as it appears to us, depend upon the single question whether there was a waiver of certain conditions and stipulations in the policy, and no incompetent evidence was introduced upon this subject.

The defendant, in its answer, relied as a defense upon the following provisions in the policy, which, for convenience, we copy from the answer: " That if any application, survey, plan or description of the property herein insured has been given, such application, survey, plan, or description shall be considered a part of this contract, and a warranty by the assured; and any false representation by the assured of the condition, situation, or occupancy of the property, or any omission to make known every fact material to the risk,   *   *   *   or any misrepresentation whatever, either in the application or otherwise,   *   *   *   or if the risk be increased by the erection or occupation of neighboring buildings, or by any means whatever, without the assent of the company

indorsed hereon, * * * then, and in every such case, this policy shall be void." And defendant further says that it is provided, among the conditions and stipula- tions of said policy, which are made a part thereof, among other things, that " this insurance, the risk not being changed, may be contined for such further time as may be agreed on, provided the premium therefor is paid and indorsed on this policy, or a receipt given for the same; and it shall be con- sidered as continued under the original representations, and for the original amount and divisions, unless otherwise spec- ified in writing; but in case there shall have been any change in the risk, either in itself or by neighboring build- ings, or otherwise, not made known to the company by the assured at the time of the renewal, this policy and renewal shall be void."

These are the grounds upon which the defense is placed in the answer. In two elaborate arguments by counsel for the defendant, other parts of the contract of insurance, found on the face and back of the policy, and in the written applica- tion for insurance, are cited and commented on as defenses to the action. Among them is the following condition found in the policy: " That no condition, stipulation, covenant, or clause hereinbefore referred to shall be altered, annulled, or waived, or any clause added to these presents, except by writ- ing indorsed hereon, or annexed hereto, by the president or secretary, with their signatures affixed thereto." It may be doubted whether the defendant should be allowed to rely on other grounds of defense than those pleaded; but, as they are all of the same general character, and as we hold that, under the instructions of the court to the jury, it was com- petent for the jury, under the evidence, to return a verdict for the plaintiff, notwithstanding all of the conditions should be considered, we need not consider these conditions further than to apply the evidence and instructions thereto, which we will now proceed to do.

The plaintiff claimed in his reply to the defendant's

answer that, after said new building had been erected, one Ayerst, the general agent of the defendant, called upon plaintiff, and plaintiff inquired of said general agent what effect the erection of the new building would have upon plaintiff's risk, and that plaintiff was informed by said general agent that the erection thereof could not affect the insured building, or increase the risk or hazard.

Upon this vital. and controlling question in the case, the court instructed the jury as follows:

"(3) Plaintiff claims that defendant had notice of the erection of the buildings through one Ayerst, who, plaintiff claims, was the general agent of said defendant. Now, notice or knowledge of the erection of the buildings must have come to the company before the renewal. If the man Ayerst was the general agent of the company, and he had notice of the erection of the building, and if he had authority to bind the company through his knowledge, then the company had notice; but if Ayerst did not have notice, or if he did, and did not have the authority to bind the company by his knowledge, or by notice to him, then the company is not bound, and you should find for the defendant.

"(4) When one is the general agent of an insurance company for the transaction or management of any and all of its business, then such agent can bind such company with reference to such transaction or management. Where one is general agent only for the transaction of some particular business for an insurance company, then he can only bind such company in the transaction of the particular business which he is by the company employed to transact. So, if you find that Ayerst did have notice, before the renewal, of. the erection of the building to the east of plaintiff's, then it will be your duty to find what was the power of said Ayerst at said time. If he did have notice before the renewal, and then had the power to transact any or all of the business of the defendant, with reference to insuring the property and granting renewals, then he was such agent as could bind

defendant. If, however, he was only an agent of the defendant's to establish local agencies, and superintend the same, and had not the power to grant policies or renewals, then he could not bind defendant; and if he was such agent, and such only, then notice or knowledge to him would not bind the company, unless it was by him communicated to defendant's secretary or president."

The question for the jury to determine was whether Ayerst was such general agent as that knowledge imparted to him should be imputed to and bind the defendant. It must be admitted, we think, that the instructions contain correct propositions of law; and, notwithstanding the form of them is criticised by counsel, we think they plainly and correctly state the facts upon which the rights of the parties depend. And we must be permitted to dispose of much of the argument of counsel for appellant upon. notice and waiver of the conditions of the policy by a reference to the case of *Viele v. Germania Ins. Co.*, 26 Iowa, 1, because that case disposes of nearly every debatable question in the case at bar. It has become the settled law of this state, and no one now questions its binding authority upon this court. Under the doctrine of that case, any conditions of a contract of insurance may be waived by parol by the insurance company. The only question about which any controversy can arise is, whether the company had notice, and thereby waived the conditions. That is a question of fact; and, if the evidence warrants the finding that it did have such notice, it is an end of the case. And this depends upon the relation that Ayerst sustained to the company.

The evidence upon that question is as follows: It appears from the testimony of the secretary of the company that at one time Ayerst had control of the local agencies in the state. The witness further testifies as follows: "He [Ayerst] examined business at the request of the secretary, and signed his own name to letters approving risks at one time. He did this a part of the year 1883. Late in 1883 it was quite a

part of his business to pass on risks that were to be accepted. He assisted in examining the details of the business when in the office; that is, when he was not on the road." It further appears from certain letters sent out by the company, and signed by Ayerst as general agent, that he passed upon risks; and these letters were written near the time that it is shown that he had express notice of the erection of the new building. These letters, as well as letters written by the secretary, had letter-heads in which the name of Ayerst appeared as " General Agent." It thus appears that, at the time when the notice was given to Ayerst, he was not only general agent whose duties required him to superintend local agents, but he had authority to pass upon applications for risks presented to the company at its office.

It seems to us that there can be no doubt that the jury were warranted in finding that notice to him was notice to the company. It ought to be stated, too, that this notice was given to the company before the renewal of the policy and the receipt of the insurance premium. Charged with this knowledge, the defendant ought not to be allowed to remain silent until the expiration of the policy, and renew it, and then repudiate the contract. It was its right to cancel its policy if it did not desire to carry the risk; and, as Ayerst had power to pass upon risks, he should have passed upon this one. It is no defense to claim that it does not appear that Ayerst was engaged in investigating this risk when he received the notice. The evidence shows that he had authority to pass upon risks generally, and notice to him was just as binding as if given to the secretary of the company.

We think the judgment must be

AFFIRMED.