BARTLETT V. THE IOWA STATE INSURANCE COMPANY.

**Fire Insurance:** ACTION ON POLICY: BY MORTGAGES: PLEADING. The
policy in question was issued to plaintiff's husband upon property on
which she held a mortgage, and the loss, if any, was made paya-
ble to mortgagees. She was the only mortgagee at the time of the
fire, and after the fire he transferred the lot on which the insured
building stood to her in consideration of the amount due on the
mortgage, and afterwards the mortgage was cancelled. *Held* that
she had a right of action on the policy as a mortgagee, and that
she was not divested of that right by the purchase of the lot and
the cancellation of the mortgage, and that it was not necessary for
her to state in her petition the facts relating to the transfer of the
property after the fire.

*Appeal from Muscatine District Court.*—HON. A. J.
LEFFINGWELL, Judge.

FILED, JANUARY 31, 1889.

ACTION upon a policy of insurance against loss by fire. There was a trial by the court without a jury, and a judgment for defendant for costs. Plaintiff appeals.

*E. F. Richman,* for appellant.

*J. Carskaddan* and *Craig, McCrary & Craig,* for appellee.

ROTHROCK, J.—The policy of insurance upon which the suit is founded was issued to Martin Bartlett on the eleventh day of February, 1884. The property insured was destroyed by fire on the third day of July, 1886, which was during the life of the policy. At the time the insurance was effected, Bartlett was indebted to the plaintiff, who is his wife, in the sum of about twelve thousand dollars ; and she held a mortgage upon the insured property, and upon other property, to secure the payment of the indebtedness. The policy contained this provision: "Loss, if any, payable to mortgagees as their interest may appear." At the time of the fire, no part of the mortgage debt had been paid. On the thirty-first day of August, 1886, Martin Bartlett conveyed the lot upon which the burned building was situated to the plaintiff. The consideration named in the deed was the amount due on the mortgage. On the nineteenth day of July, 1887, the mortgage was satisfied of record.

There is no doubt that the plaintiff, as the mortgagee, had the right to maintain the action. There was no other mortgage upon the property, and she was the real party in interest. See *Mershon v. Ins. Co.,* 34 Iowa, 87. Her relation to the policy as a mortgagee is averred in the petition; and while it is not therein stated, in express terms, that she sues as mortgagee, yet that may be inferred from what is stated.

But the defendant insists that plaintiff had no right to maintain the action, because there was no mortgage, it having been paid and satisfied; but the evidence shows that, when the mortgage was settled between the parties, plaintiff took ·the policy and the burned property for

the debt.  She was the real party in interest still, notwithstanding she had given up her mortgage.  She did not give up the policy, in which she was always the real party in interest.  It is to be observed that this transfer of the property occurred after the loss, and when the plaintiff's policy had become a matured obligation.  The court adjudged that "the plaintiff could not have and maintain her said action."  From this we infer that it was thought she had no right of action. This must have been the holding, for there is no other defense developed in either record or argument.

The plaintiff was defeated in the action because of a supposed defect in her petition.  It may be that she should have set out the facts as to the transfer of the title of the property to her after the fire, but we do not think that this was necessary.  The defense relied upon may be a convenient one for the purposes of promoting litigation, but it ought not to prevail as against what appears to be an honest loss upon a contract which it is admitted was fairly made.

REVERSED.