MIDWEST METAL STAMPING COMPANY, Appellee, v. CITIZENS FUND MUTUAL FIRE INSURANCE COMPANY, Appellant.

No. 45383.

DECEMBER 31, 1940.

REHEARING DENIED APRIL 11, 1941.

Willett & Willett and Stipp, Perry, Bannister & Starzinger, for appellant.

Hatter & Harned, Thomas & Thomas, and Vernon F. Kepford, for appellee.

HALE, J.—This was originally commenced as an action at law, to recover on an insurance policy, for loss by fire of machinery and fixtures constituting a locker and cold storage system. By amendment plaintiff asked reformation of the policy, and the cause was transferred to equity and tried as an equitable action.

In March 1937, Frank Mickalek, of Toledo, Iowa, entered into a contract with the plaintiff, the Midwest Metal Stamping Company, for machinery, lockers, and installation of a locker system to be constructed in Mickalek's Market in Toledo. The contract provided for the purchase of equipment, with a down payment of $1,500, which initial payment Mickalek paid by building some insulated rooms. The balance of $3,254 was to be

paid on a conditional sales contract. On March 26, 1937, this contract was executed by Mickalek and the Midwest Metal Stamping Company, describing the equipment, stating the price of $5,870 and the $1,500 payment to be made by building a chillroom as above stated, the balance of $4,370 to be paid in 36 equal successive installments. The contract provided that the title remained in the seller until the indebtedness was fully paid, and in case of default in payments, it further provided, first: " * * * all of the unpaid installments shall become immediately due and payable;" second, " * * * you and your assigns may without notice of demand and without legal process enter into any premises where said chattel may be and take possession thereof and make such disposition as may be deemed by you or your assigns desirable and all payments made shall be retained as liquidated damages for the use of said chattel and not as a penalty, or said chattel may be sold with or without notice at public or private sale at which you or your assigns may purchase and the proceeds thereof less expense of retaking * * * attorney's fees credited upon the amount paid." There was a further provision that Mickalek should insure such chattel against loss by fire, in favor of the seller. About May 18, 1937, Mickalek told the local agent of defendant, W. O. Beck, that he wanted to take out insurance on the locker plant. He testifies that he told the agent at the time that he was buying the plant under a conditional sales contract which required him to take out insurance for the protection of the seller. Beck did not deny that Mickalek told him that he was so buying the plant. A special agent, one Belden, was sent for, who came and inspected the plant, and who also was informed of the manner in which the plant was being purchased. Belden did not testify and was not a witness at the time of trial. Thereafter Mickalek and Beck made out an application for $7,000 insurance on "furniture and fixtures, food lockers complete." The policy was issued, insuring Mickalek for five years.

Mickalek failed to make any further payments and replevin suit was brought by plaintiff against him. In this replevin action a consent judgment was entered, the judgment stating among other things that it was "without prejudice to any claims of any kind or character

that any of the parties hereto may have against any of the other parties, except such right of possession.'' At the time of entry of judgment it was agreed by all parties that no action would be taken by plaintiff as to the removal of the property for a period of 30 days, in order to give time to Mickalek to attempt to refinance the contract. Nothing further was done as to the replevin proceedings and Mickalek remained in possession of and used the plant until the fire occurred on April 6, 1938.

The fire was destructive and the value of the plant after the fire was estimated to be only about $1,230. Shortly after the fire, on April 12, 1938, plaintiff wrote defendant relative to the insurance, notifying the insurance company of the conditional sales contract and the amount due thereon and demanding payment, and on May 12, 1938, plaintiff, by its attorneys, again wrote defendant, enclosing notice and proof of loss, certain affidavits, and the claims of Mickalek and the plaintiff. The notice stated that plaintiff was the owner of the conditional sales contract covering all of the insured property, the amount due, and that the defendant company had issued the policy after the disclosure to it of the existence of the contract and claim. The company failed to pay the loss, and Mickalek and the Midwest Stamping Company, as coplaintiffs, brought this action on the policy, asking joint judgment for $5,771, to which answer was filed by the defendant. Thereafter, in December 1938, without notice to or consent by plaintiff herein, the defendant paid to Mickalek $2,240.26, by check, which stated that it was in payment of fire loss of April 6, 1938, with the number of the policy. Mickalek executed a release to the company, which stated that the case had been settled and compromised and was dismissed with prejudice. No part of this money was turned over to the plaintiff, but it was all appropriated by Mickalek, who was insolvent.

On trial to the court on the facts as above stated, the court found that at the time of the issuance of the policy the defendant was fully advised of the fact that Mickalek was purchasing all of the property under a conditional sales contract, that said property was not paid for, and that the contract required Mickalek to procure insurance for the protection of his vendor. The court found further that there was due and owing from

Mickalek under the contract $4,230.14, that the plaintiff was the owner of the contract, and the property described therein was insured under the policy of insurance in suit. The court further found that by the payment to Mickalek the defendant company ratified and confirmed the validity of said policy of insurance and waived any of the defenses thereto asserted by it in this cause, that none of the defenses asserted by defendant had been sustained, and that Mickalek was insolvent. Judgment was entered in favor of the plaintiff against the defendant in the sum of $3,246.40, being the amount, with interest, due it on its contract with Mickalek.

Without undertaking to set out all the pleadings and the various amendments and substitutions, we refer briefly to defendant's division No. 7 of its answer, to which demurrer was sustained, and upon which ruling of the court defendant alleges error. In this division of its answer defendant refers to the replevin action brought by plaintiff, in which plaintiff had pleaded failure of Mickalek to comply with the clause of the contract in which he agreed to insure the chattel against loss by fire in favor of the plaintiff, and that plaintiff had pleaded in such replevin action that Mickalek had failed to comply with the provisions of the contract and it asked immediate possession of the chattel. Defendant in such division No. 7 claims that, by making such allegation and obtaining relief in the replevin action, the plaintiff had abandoned any claim or right to claim the insurance, had waived such right to the insurance taken out by Mickalek, and was estopped thereby from claiming or proving that the insurance taken out by Mickalek covered plaintiff's interest in the property. We cannot agree with defendant that the court erred in this respect. The action of the plaintiff in the replevin action does not appear to us to be an intentional relinquishment of a known right, nor was anyone who was entitled to rely on plaintiff's actions or statements misled so as to amount to an estoppel, nor was there any change of position by any interested person in consequence of the replevin action. The rights acquired by plaintiff in the judgment in the replevin action were no greater than were granted by the contract, but such rights were merely confirmed by the judgment, since the contract authorized the company at any time to take possession of the

property. But, as the facts show, Mickalek still retained possession of the property and so retained it until the time of the loss by fire. Assuming that defendant, in division No. 7 of its answer, had properly pleaded waiver or abandonment, we do not think the facts sufficient to show any waiver by the plaintiff by a confirmation of its rights under the contract, in view of the fact that the position of the parties did not change as a result of the decree.

Defendant next claims that the court erred, for the reason, it asserts, that the evidence established the defense pleaded in division No. 4 of the answer. Defendant asserts that plaintiff, by bringing the action in replevin and obtaining the judgment and decree of possession, elected to adopt and pursue the first option given by the contract in case of default by taking away Mickalek's right of possession, and that, by so taking the right of possession from Mickalek, he ceased to have any right in the property, and that neither one nor both of the plaintiffs could recover on account of damage by fire. Defendant argues that Mickalek's duty to carry insurance was at an end, and that he was under no further obligation to perform his contract with plaintiff.

Defendant cites a number of cases as to the conclusiveness of judgments, but we do not think that under the facts of the case this is a valid defense. As stated, the decree, as well as the contract, authorized the plaintiff to take possession of the property, but as a matter of fact plaintiff did not do so. The lien of the plaintiff was not lost by taking judgment in the replevin action. Code section 9985, subdivision 2. The replevin action and judgment therein did not relieve Mickalek from the payment of the purchase price. Plaintiff still retained the notes and there is nothing in the evidence to indicate any rescission of the contract. See Central Iowa Motors Co. v. Clancy, 206 Iowa 1090, 221 N. W. 774, and cases cited; In re Assignment of Wise, 121 Iowa 359, 96 N. W. 872; Miller & Kizer v. Des Moines C. R. Co., 196 Iowa 1033, 1037, 195 N. W. 600, 601, and cases cited therein. In the Miller case the claim was made that by exercising the right to regain the property covered by the conditional sales contract the vendee had lost all its rights. This claim, however, was denied by the supreme court, which states:

"We do not deem it necessary to determine what might have been the rights of appellee if the vendor of the motor bus had fully re-established title in himself under the conditional sale contract before the commencement of this action, and had, under the conditional sale, deprived appellee of all rights thereto. It appears from the testimony of the vendor that the notes given for the purchase price were still retained by the vendor, under claim of ownership thereof, and that the vendor was unwilling to return the notes to the vendee and call the transaction closed. * * * the vendor also made the statement * * * 'I took this automobile back under my bill of sale.' "

The same state of facts exists here, except that the possession still remained in the vendee, and, so far as the record shows, the situation of the parties was the same prior to the replevin action as afterwards. See Murray v. McDonald, 203 Iowa 418, 422, 212 N. W. 711, 712, 56 A. L. R. 233, in which the court cites Continental Guaranty Corp. v. Peoples Bus Line, 31 Del. (W. W. Harr.) 595, 117 A. 275, as holding, " * * * under the Conditional Sales Act, a seller who retakes the goods by replevin process does not thereby elect a remedy inconsistent with an action to recover the balance of the purchase price * * *."

See, also, cited by plaintiff, Collins v. Iowa Mfrs. Ins. Co., 184 Iowa 747, 169 N. W. 199. We must conclude that division No. 4 of defendant's answer is not a defense under the facts of this case.

And we must come to the same conclusion as to defendant's claim under division No. 5 of its answer, in which it pleaded that the replevin action, by depriving Mickalek of the right of possession, resulted in a change in the interest and title of Mickalek contrary to the provisions of the policy, and that the trial and judgment in the replevin action resulted in depriving Mickalek of the right of possession. We have already referred to the fact that Mickalek was not actually deprived of possession, and that the plaintiff acquired no rights which it did not already have under the terms of its contract. In the situation in which the parties were placed after the consent decree in the replevin case, each had an insurable interest, as they had at the time of the execution of the contract. 26 C. J. 31, section 13; 29 Am. Jur. 306, section 345. We do not think that the defendant, under the

facts, and with knowledge of the rights of Mickalek at the time the policy was issued, is authorized to avoid the policy. In Schaeffer v. Anchor M. F. Ins. Co., 113 Iowa 652, 85 N. W. 985, under circumstances where the person who was required and directed to take out insurance took out the same in his own name, the court held that, if the company, with full knowledge of the facts, chose to issue the policy in the agent's name, it could not escape liability. In the present case the evidence indicates that Mickalek informed defendant's agents of the extent of his interest. See, also, Carey v. Home Ins. Co., 97 Iowa 619, 66 N. W. 920; Bartlett v. Iowa State Ins. Co., 77 Iowa 86, 41 N. W. 579; Johnson v. Farmers Co., 126 Iowa 565, 102 N. W. 502. The Johnson case lays down the rule that, on an issue of fraudulent representation as to title in procuring insurance, proof of a contract of purchase of the insured property, wherein the assured agreed that the title should remain in the seller until the property was fully paid for, did not of itself negative an absolute sale or show a breach of the warranty of sole ownership. This seems to be the rule in Iowa, although not the universal rule. See 60 A. L. R. 70, with cases cited therein. We think the rule applies not only to the original contract of insurance but also to the alleged change of possession by reason of the replevin action, that both parties had an insurable interest, that, with knowledge of the rights of the plaintiff and of Mickalek on the part of two of defendant's agents, the property was insured in the name of the holder of the equitable title, and that defendant, in view of all the circumstances, cannot now complain.

In addition to the foregoing, plaintiff pleads that the defendant, by its action in paying to Mickalek part of the amount due under the policy and with full knowledge of the situation as it then existed, has waived any irregularities, if such there were, in the title or manner of ownership of the parties to the property involved herein. Plaintiff's claim in this respect is that any condition in a policy of fire insurance, including the condition that the policy shall be void if there occurs a change in the interest, title, right, possession, and use of the insured property, is waived if the insurer, after receiving knowledge of the alleged breaches, in any manner recog-

nizes the validity of the policy or makes any settlements or adjustments thereunder. There is no question that the settlement with Mickalek was made after full knowledge of the situation had been brought home to the defendant. Suit had already been brought on the policy and notice had been served, and the defendant had been apprised of the situation. The check to Mickalek was stated to be in settlement of the loss under the policy. We think this defense applies both to the policy as originally issued and after the alleged change of ownership by reason of the replevin action. See Hollis v. State Ins. Co., 65 Iowa 454, 456, 21 N. W. 774, 775, and cases cited therein. Plaintiff also cites Viele v. Germania Ins. Co., 26 Iowa 9, 96 Am. Dec. 83; Siltz v. Hawkeye Ins. Co., 71 Iowa 710, 29 N. W. 605; King v. Council Bluffs Ins. Co., 72 Iowa 310, 33 N. W. 690; Young & Co. v. Hartford Fire Ins. Co., 45 Iowa 377, 24 Am. Rep. 784; Boetcher v. Hawkeye Ins. Co., 47 Iowa 253; Tero Petroff & Co. v. Equity F. Ins. Co., 183 Iowa 906, 167 N. W. 660; Terry v. American Ins. Co., 202 Iowa 1291, 211 N. W. 716, and cases cited therein; Swearingen v. Hartford Ins. Co., 52 S. C. 309, 29 S. E. 722; Westchester Fire Ins. Co. v. McAdoo (Tenn.), 57 S. W. 409; Gardner v. Continental Ins. Co., 125 Ky. 464, 101 S. W. 908, 31 Ky. L. Rep. 89; Modlin v. Atlantic Fire Ins. Co., 151 N. C. 35, 65 S. E. 605. The doctrine announced in these cases supports the plaintiff's claim of waiver, and the facts in this case so indicate.

Further claim is made as to excessiveness of the amount allowed by the court. Under the evidence and the facts of the case this claim is without merit. There was practically a complete loss. The machinery insured was adapted only to the room in which it was placed. The allowance made by the court was supported by the evidence.

On the whole case our conclusion must be that the decree of the district court should be affirmed.—Affirmed.

MITCHELL, STIGER, BLISS, OLIVER, MILLER, and SAGER, JJ., concur.