PAUL H. GALLENTINE, APPELLEE, V. WORLD INSURANCE COMPANY, AN INSURANCE CORPORATION, APPELLANT.

93 N. W. 2d 374

Filed December 5, 1958. No. 34452.

*Jack W. Marer* and *Roger C. Andrews,* for appellant.

*Marks & Clare,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, and BOSLAUGH, JJ.

MESSMORE, J.

The plaintiff, Paul H. Gallentine, brought this action at law in the district court for Douglas County against the World Insurance Company, a corporation, defendant, to recover disability and hospital benefits under a credit life and sickness insurance policy issued by the defendant to the plaintiff. The case was tried to a jury. At the close of the plaintiff's case, the defendant moved for directed verdict on the ground that the plaintiff failed to produce sufficient evidence to prove his case. This motion was overruled. At the close of all of the evidence, the defendant renewed its motion for directed verdict. At the same time the plaintiff moved for directed verdict. The defendant's motion was overruled and the plaintiff's motion was sustained. Judgment for the plaintiff in the amount of $674.51 was rendered, together with attorney's fee in the amount of $350 to be taxed as costs for the benefit of plaintiff's attorney, and costs of the suit. Defendant filed a motion for new trial. From the order overruling the defendant's motion for new trial, the defendant appealed.

The pleadings admit that the plaintiff is a resident of Omaha, Nebraska, and that the defendant, an insurance corporation licensed to do business in this state, issued insurance policy No. A219210CL in favor of the plaintiff.

The plaintiff's petition, in substance, alleged that on or about August 15, 1955, for a premium paid by plaintiff, defendant issued its insurance policy insuring the plaintiff against continuous total disability resulting from sickness lasting for a period of more than 14 days and agreed to pay the insured on said policy at the rate

of $31.90 per month during the period of said disability extending through the term of the policy which was for a period of 20 months; that said policy further provided for an indemnity of $5 per day for each day the insured was confined in a hospital; that on or about October 18, 1955, while said policy was in full force and effect, the plaintiff became ill from pulmonary tuberculosis, by reason whereof the plaintiff was totally disabled; that plaintiff's disability would continue for an indefinite time in the future; that by reason thereof plaintiff was entitled to recover from the defendant the sum of $31.90 per month, beginning October 18, 1955, and continuing to March 15, 1957, a period of 18 months, or a total of $574.20; that plaintiff was confined as a resident patient in the Douglas County Hospital and the Nebraska Hospital for the Tuberculous at Kearney, Nebraska, continuously from October 19, 1955, to November 8, 1956, and by reason thereof plaintiff was entitled to recover $5 per day during the period of his hospitalization, subject, however, to the provision that the aggregate amount of indemnity payable should not exceed the monthly benefit of $31.90; and that the plaintiff was entitled to receive hospital benefits of $414.70 from October 19, 1955, to November 8, 1956. The prayer of the petition was for the amount of $674.51, attorney's fee, and costs.

The defendant's answer constituted a denial of the allegations of the plaintiff's petition except certain admissions made therein. The answer also alleged that the policy contained the provision: "If at the time this policy is issued, the Insured is not in good health * * * the accident and sickness insurance under this policy shall not be valid and the premium paid therefor will be refunded." It was further alleged that the plaintiff was not in good health at the time the policy was issued and therefore said accident and sickness insurance had never been valid, and the defendant had no liability on the policy; and that all premiums had been refunded.

It prayed that the plaintiff's petition be dismissed and the defendant recover its costs expended.

The plaintiff's reply to the defendant's answer alleged that during the month of May 1956, the defendant paid the Asco Loan Company, first beneficiary under the insurance policy, the sum of approximately $314, being benefits payable under the insurance policy, and being in full payment of the balance then owing on a loan made by the plaintiff from the Asco Loan Company; that by reason of said payment made by the defendant, the defendant acknowledged liability under the policy, recognized the validity thereof, and waived all breaches of conditions thereof; that by reason thereof, the defendant was barred and estopped from claiming or asserting that the policy was not in full force and effect at all times since the date of issuance thereof; that the defendant having voluntarily and with full knowledge of the facts and having previously denied liability under said policy, voluntarily assumed liability thereunder by making payment, or payments, to the Asco Loan Company on account of benefits due under said policy; and that the defendant, having assumed liability and paid benefits under said policy, could not, after litigation had begun, "mend its hold" and claim and assert its nonliability. The reply renewed the prayer of the plaintiff's petition.

The record discloses that the plaintiff, at the time of trial, was 44 years of age. He was employed as a machinist by the Omaha Production Company on November 1, 1954, where he worked until October 18, 1955. Prior to that time he was employed by Sears Roebuck & Company in 1952. He had lost no time from work on account of illness since he started to work for the Omaha Production Company. He further testified that he had no occasion to consult a doctor on the condition of his health a year prior to October 18, 1955. Before beginning his employment with Sears Roebuck & Company and the Omaha Production Company, he had

medical examinations by the company doctors, both of which he passed, and was cleared for work. He had no disability and was in good health on August 15, 1955. On August 15, 1955, he made a loan with the Asco Loan Company in the amount of $503.91, and signed a note with the company for the loan. He purchased a policy of credit life, health, and accident insurance which was issued by the defendant. The premium on this policy amounted to $37.91, and was included in the note which he signed for the loan. This insurance policy provided $503.91 life insurance, $31.90 monthly sickness benefits, and a hospital benefit of $5 per day. The term of the policy was the same as the term of the note, and the $31.90 monthly sickness benefit was the same amount as the monthly installments due on the note.

On October 18, 1955, the plaintiff became ill with a severe cold. He went to the University of Nebraska Hospital and was then transferred to the Douglas County Hospital where he remained from October 18, 1955, until November 5, 1955, on which date he was transferred to the Nebraska Hospital for the Tuberculous at Kearney, Nebraska, his illness having been diagnosed at the Douglas County Hospital as tuberculosis. He remained at the Kearney, Nebraska, hospital from November 5, 1955, until November 8, 1956. He was under the care of Dr. William E. Nutzman. He described the medical treatment he received at the hospital and stated that the tests there made were favorable, and he was directed to go back to work, which he did on June 17, 1957. He further testified that he was off work almost 20 months to the day. He made a claim for benefits under the insurance policy, which the company rejected. He further testified that he received no part of the hospital benefits.

On cross-examination the plaintiff testified that he was a patient in the Nebraska Hospital for the Tuberculous from 1948 until 1951. He further testified that he lost 4 or 5 pounds during July and August 1955,

which he attributed to the extremely hot weather; and that before he became ill on October 18, 1955, he had no other symptoms of tuberculosis such as large amounts of sputum, blood in the sputum, or night sweats.

The supervisor of claims for the defendant company testified that he had supervision of the claim involving the plaintiff on the policy in question, and that very likely the claim came from the Asco Loan Company, the date of the claim being November 17, 1955. He further testified that the type of insurance involved was to cover a loan which the plaintiff obtained from the Asco Loan Company, and the defendant covered the payments. This policy is referred to as a credit health insurance, and the defendant makes the contract to make the payments of the borrower in the event he becomes ill. The benefit payments under the policy for disability amounted to $31.90 per month, the same amount that would be due under the loan. When the defendant company received the claim blank, a letter was written to the Asco Loan Company, dated January 3, 1956, in regard to the loan made by the plaintiff with the Asco Loan Company. Prior to the writing of this letter, an investigation was made, and a letter was received from the Nebraska Hospital for the Tuberculous on December 22, 1955. An attempt was made to refund the premium by mailing a check from the defendant insurance company in the amount of $37.91, on January 3, 1956, to the Asco Loan Company. The check bore the words "Premium Refund" which were crossed out by some person unknown. On May 22, 1956, this witness mailed another draft in the amount of $276.48 to the Asco Loan Company which was the first beneficiary under the insurance policy. This remittance, together with the $37.91 previously sent, paid the balance in full on the plaintiff's loan from the Asco Loan Company.

The attorney for the plaintiff, prior to the time of making these payments as heretofore stated, made

claims to the defendant for the plaintiff which were denied in letters dated January 31, 1956, and February 3, 1956.

The manager of the Asco Loan Company testified that the $37.91 payment made by the defendant on January 9, 1956, was not treated as a refund of the insurance premium, but was credited to the plaintiff's loan account. After being thus credited, a balance of $276.48 remained, which was paid by the defendant insurance company on May 23, 1956.

The defendant assigns as error the overruling of its motion for directed verdict at the close of plaintiff's evidence and at the close of all of the evidence; that the trial court erred in sustaining the plaintiff's motion for directed verdict at the close of all of the evidence; and that the trial court erred in overruling the defendant's motion for a new trial.

The policy in question was issued for a term commencing August 15, 1955, and ending 20 months thereafter. The first beneficiary designated was the Asco Loan Company. The second beneficiary was Lena Gallentine.

An exception contained in the policy provided: "(1) If at the time this policy is issued, the Insured is not in good health * * * the accident and sickness insurance under this policy shall not be valid and the premium paid therefor will be refunded." The defendant, in its answer, alleged that the policy contained this provision.

In Weddle v. Prudential Ins. Co., 130 Neb. 744, 266 N. W. 624, the plaintiff, administratrix of her deceased husband's estate, sought to recover upon two policies of industrial insurance issued by the defendant. The trial court directed a verdict for the plaintiff for the amount of the policies and interest. The insurance company appealed. One of the defenses interposed by the insurance company was founded upon the preliminary provision of the policy which provided that the policies

should not take effect if on the date of issuance the insured was not in sound health. It was alleged in the answer that on said date the insured was not in sound health. The court said: "A provision that a policy shall not take effect unless the insured is in good health upon the date of issuance is a condition precedent without which there is no liability under the policy." The court went on to say: "Does the burden of proving that the insured was in sound health at the date of the policy rest upon the plaintiff? There are cases which hold that such burden is upon the plaintiff where sound health is a condition precedent to the assumption of risk by the insurance company. However, the delivery of a life policy, and the acceptance of premiums, and the treatment of the policy by the insurer and the insured as a contract raises a presumption that insured was in sound health on the date of the policy. This presumption is sufficient to sustain the burden of proof resting upon the plaintiff until the insurer introduces evidence to rebut it. * * * This is not in conflict with the rule that the plaintiff has the burden of proving that the insured was in sound health on the date of the policy, where sound health at the time of issuance is a condition precedent to the assumption of liability by the insurer. Fondi v. Boston Mutual Life Ins. Co., *supra* (224 Mass. 6, 112 N. E. 612). This rule is suggested at least by Anders v. Life Insurance Clearing Co., *supra* (62 Neb. 585, 87 N. W. 331)."

Consequently, the defendant could introduce evidence to rebut the evidence introduced by the plaintiff on the question as to whether or not, at the date of the issuance of the policy, the plaintiff was in good health. In the instant case the evidence introduced by the defendant on this issue was wholly insufficient to disprove that the plaintiff was in good health at the date of the issuance of the policy.

The indication that appears in Weddle v. Prudential Ins. Co., *supra,* to the effect that the burden of proof

shifts to the defendant to prove an affirmative defense, that is that the plaintiff was not in good health at the date of the issuance of the policy, is disapproved. The burden at all times, in cases such as the instant case, is upon the plaintiff to prove that he was in good health at the date of the issuance of the policy which is a condition precedent to the policy being in force.

The evidence in the instant case discloses that before applying for the insurance policy in suit, the plaintiff had worked steadily for over 3 years, losing only 2 days of work during that period on account of illness. He passed medical examinations before being employed by Sears Roebuck & Company and the Omaha Production Company. He testified that he felt good when he applied for the insurance policy on August 15, 1955, and had not consulted a doctor for a period of 4 years. The evidence does disclose that the plaintiff had previously had tuberculosis on two or three occasions prior to 1951. When he was released from the hospital in 1951, his case was diagnosed as arrested and inactive. He did not become sick again until October 18, 1955, which was 2 months or more after the policy in suit was issued. There is no evidence in the record that the plaintiff had tuberculosis in an active state on August 15, 1955, when he made application for the insurance policy. The existence of tuberculosis is a matter of medical testimony. There is no evidence in the record that the plaintiff's loss of weight, some of which occurred after August 15, 1955, had any connection with the disease of tuberculosis. There is no evidence that the plaintiff knew or suspected that he had tuberculosis.

The record shows that after the defendant insurance company had been furnished with full information concerning the plaintiff's physical condition and history, and after it had denied liability to the plaintiff on the grounds contained in its answer, the defendant paid to the Asco Loan Company benefits accumulated on the policy in the amount of the total balance of the loan.

The Asco Loan Company was designated as the first beneficiary under the policy. The defendant's evidence that it attempted to refund the premium is not very persuasive. The cancelled check for $37.91 showed the legend "Premium Refund" was crossed out by parties unknown. It is apparent that the defendant's evidence showed that the payment was treated as a payment on the plaintiff's loan account, and when final settlement was made between the defendant and the Asco Loan Company, the $37.91 alleged premium refund was credited as a payment on the defendant's policy liability. In addition, if the premium was refunded, it would have been refunded to the plaintiff direct and not to the loan company. The plaintiff paid the premium by signing a note to the Asco Loan Company which included the premium.

As stated in 45 C. J. S., Insurance, § 743, p. 754: "Generally payment, in full or in part by the insurer, of any loss under the policy, with knowledge of the breach, is a recognition of the validity of the policy and a waiver of the breach.

"Where insurer, with knowledge of the breach of a condition, pays the amount of loss ascertained by appraisers into court on an interpleader, or pays or partially pays any loss under the policy, it recognizes the policy as still in existence and must be considered to have waived its defense, unless the policy is severable so that under the law it would be only forfeitable in part and the payment is made on the nonforfeitable portion." See, also, Midwest Metal Stamping Co. v. Citizens Fund Mut. Fire Ins. Co., 229 Iowa 969, 295 N. W. 444, 133 A. L. R. 779; Hartford Fire Ins. Co. v. Mutual Savings & Loan Co., Inc., 193 Va. 269, 68 S. E. 2d 541, 31 A. L. R. 2d 1191; Pfaffengut v. Export Ins. Co., 55 N. D. 112, 212 N. W. 518; 29 Am. Jur., Insurance, § 876, p. 671.

As held in Weddle v. Prudential Ins. Co., *supra:* "The delivery of a life policy, the acceptance of premiums,

and the treatment of the policy by the insurer and the insured as a contract raises a presumption that insured was in sound health on the date of the policy."

In the light of the evidence and the foregoing-cited authorities, we conclude that the trial court was correct in directing the verdict for the plaintiff and in rendering judgment for the unpaid portion of the plaintiff's claim, and allowing an attorney's fee and costs. We conclude further that the plaintiff's attorney shall be allowed a fee of $250 to be taxed as costs, for services rendered the plaintiff on this appeal.

We affirm the judgment of the district court.

AFFIRMED.

WENKE, J., participating on briefs.